## Hyatt *et al*. v. Cochran.

**Mortgage: ABSOLUTE CONVEYANCE: ONUS.** Where it is claimed that a deed, absolute on its face, is in fact but a mortgage, the onus is on the party so claiming to establish it by proof that is clear, satisfactory and conclusive.

*Appeal from Greene Circuit Court.*

TUESDAY, OCTOBER 21.

ACTION for the recovery of real property; plaintiffs aver their absolute ownership, and defendant's wrongful possession. The defendant for answer and cross-petition denies plaintiff's

ownership; avers that he is the equitable owner, that the legal title had been conveyed by him and by his direction, of a part of the land to one Anderson, as security for money advanced to and for defendant, and of the balance of the land to Mahlon Head, for a like purpose, setting out in detail all the alleged facts connected with such absolute conveyances which would make them, in equity, mortgages. Anderson and Head and others were made defendants, and they and plaintiffs denied the alleged facts, making the conveyances mortgages. The single issue made is one of fact, to wit: Were the conveyances which are absolute on their face made for and intended as mortgages? The circuit court found they were, in fact, absolute conveyances, and dismissed the cross-petition and transferred the cause to the law docket for trial upon the law issues. The defendant, Cochran, excepted, and now appeals.

*H. C. Henderson* and *Russell & Tolliver* for the appellant.

*Hull & Ramsay* and *Jackson & Potter* for the appellees.

COLE, J. — The plaintiffs have the clear legal title. The defendant claims that two of the conveyances upon which they rely for title were but mortgages, though absolute in form. The burden of proof of this fact is upon defendant, and it has been several times said by this court that in such cases the proof should be clear, satisfactory and conclusive. *Noel* v. *Noel*, 1 Iowa, 423; *Corbit* v. *Smith*, 7 id. 60; *Cooper* v. *Skeel*, 14 id. 578; *Gardner* v. *Weston*, 18 id. 533; *Atkins* v. *Faulkner*, 11 id. 326; *Childs* v. *Griswold*, 19 id. 362; *Sunderland* v. *Sunderland*, id. 325, and other cases. In this case the defendant testifies directly and positively to the facts alleged by him, and which show the conveyances to be but mortgages. Albert Head, with whom alone the alleged contract was made, as directly and positively testifies to the facts that show the conveyances were absolute and so intended, and were not mortgages. Both are interested and equally positive; one may be set off against the other. It

is true that the weight or preponderance of the circumstances tend more strongly to corroborate Cochran than Head, but without direct testimony, to the same effect, they are not sufficient to overcome the absolute paper title. Having come to this conclusion, it is unnecessary here to discuss, or even state, the facts in detail.

Affirmed.