# McAnnulty v. Seick.

1. **Practice:** BILL OF EXCEPTIONS: PRESERVING EVIDENCE. Where the original notes of the reporter were duly filed, and then, instead of being referred to in the bill of exceptions, were incorporated therein, and a long hand copy, duly certified, was inserted in the transcript, *held*, if not a literal, at least a substantial compliance with section 3777 of the Code, as amended by Chapter 195, laws of 1880.

2. **Evidence:** PAROL TO SHOW THAT BILL OF SALE WAS INTENDED FOR MORTGAGE. While the authorities are conflicting, the weight of reason, in the opinion of this court, is in favor of the rule, that parol evidence is admissible in an action at law as well as in equity, to show that a bill of sale, absolute on its face, was intended as a mortgage; and in an action by the holder of the bill of sale to recover the property, where the bill is not set up in the petition as the ground of plaintiff's claim, the defendant may introduce such parol evidence without pleading the facts in his answer.

3. ———: ———: DEGREE OF EVIDENCE. While it is true that the rule by which a chancellor governs his own action, in cases in which it is sought by parol evidence to convert a deed, absolute on its face, into a mortgage, is that "the proof should be clear, satisfactory and conclusive," yet it is the established rule of this State that questions of fact, submitted to a jury in civil cases, are to be determined by a simple preponderance of the evidence.

*Appeal from Marshall Circuit Court.*

FRIDAY, OCTOBER 20.

THIS is an action of replevin for the following goods and chattels: One board partition, one shot-gun, one rifle, one desk, one invoice book, one account book, eight joints of stove pipe, eight white wash brushes, one papering board, two trestles, one extension ladder, three brackets, three scaffolding boards, one spring wagon and pole, two horses and one sign. The plaintiff alleges that he is the unconditional owner of all of this property and entitled to its immediate possession. The defendant for answer claims that he is entitled to the possession of said property as the owner thereof. The cause was tried to a jury, and a verdict was returned for the defendant, assessing the value of the property at $400.

McAnnulty v. Seick.

A motion for a new trial was filed, and overruled, and judgment was entered for the defendant.   The plaintiff appeals.

*Brown & Carney* for the appellant.

*Hamlin & Miller* and *Sutton & Childs*, for the appellee.

DAY, J.—I.   The appellee filed and submitted with the case a motion to strike from the transcript and from the abstract what purports to be testimony in the

1. PRACTICE: bill of exceptions: preserving evidence.

case, upon the ground that it was not preserved by any proper bill of exceptions.   The trial commenced on the 22d day of October, 1881, and the verdict was returned on the 26th day of October.   Judgment was rendered on the 3d day of November.   On the 28th day of November, a bill of exceptions was filed as follows:   "Be it remembered that on the 22nd day of October, 1881, it being the 6th day of the October term, 1881, of the court, this cause came on for hearing and trial before the court and a jury, and at request of the parties, A. N. Boyce, official short hand reporter of this court, was directed to take down in writing all the evidence introduced by either and both parties in this cause, and all objections made to any evidence offered, and the rulings of the court and exceptions taken thereto, and to make a record of all evidence and testimony offered and received, or excluded, and exceptions thereto, by either party.   All of which was done under direction of the court and made part of the record, and the following is all the evidence offered, received and introduced on the trial of said cause by either party.

Here follows the original stenographic notes of the short hand reporter, A. N. Boyce, of the evidence taken in the trial of the cause, written in short hand, to which is attached the following certificate "the above and foregoing is all the evidence offered and introduced by either party, together with the rulings of the court on the evidence, and the exceptions thereto.   By agreement sixty days time was given plaintiff

to prepare a bill of exceptions, and the plaintiff now here presents this his bill of exceptions, and asks that the same be signed by the court and made a part of the record, which is accordingly done.

D. D. MIRACLE, *Judge*.”

The clerk certifies that the short hand notes were first filed in his office by the official reporter, on the 24th day of October, 1881, and that afterwards, on the 28th day of November, 1881, the same short hand notes, with the writing above set out attached thereto, were filed as a bill of exceptions, and that there have never been any extended notes of the reporter on file except the extended notes certified to the Supreme Court in the transcript. In the transcript the evidence appears extended in full, with a certificate of the official reporter that it is a full, complete and accurate transcript of the short hand notes taken in the case. Section 3777 of the Code, as amended by chapter 195, Acts of the 18th General Assembly provides: “The original notes of any testimony taken in any case shall be filed in the office of the clerk of the court and become a part of the record in said case; * * and said original notes, or the transcript thereof, or any part thereof, may be referred to in any bill of exceptions, and when duly transcribed and certified shall be inserted therein on appeal.” In this case the original notes were duly filed, and then instead of being referred to in the bill of exceptions, were incorporated therein and a long hand copy thereof duly certified was inserted in the transcript. This if not a literal, is at the least a substantial, compliance with the provisions of section 3777 of the Code. The motion to strike out the evidence is overruled.

II. The appellee filed an amended abstract, the correctness of which the appellant denies. We have thus been driven to an examination of the transcript. The plaintiff introduced in evidence a bill of sale from the defendant to the plaintiff, dated August 28, 1878, for the consideration of $100, of cer-

2 EVIDENCE: parol to show that bill of sale was intended for mortgage:

tain personal property, including the following property in controversy in this action; namely, one black mare one black horse, one set double harness, one platform spring wagon. The defendant was offered as a witness on his own behalf, and was asked the following question. "You may state whether or not there was any agreement between you and Mr. McAnnulty, at the time of the execution of the bill of sale introduced in evidence, as to a redemption of the property described in it? The plaintiff objected to this question as tending to contradict the written contract, immaterial, not pleaded, and irrelevant under the issues. The court overruled the objection, to which the plaintiff excepted. "The witness answered as follows: The agreement was that, when I paid him back the money he let me have, he would destroy or give me the bill of sale back, and I was to hold the property." The admission of this evidence is assigned as error. 1. It is claimed that evidence of a parol contemporaneous agreement that the bill of sale was to be considered as a mortgage, could not be introduced without pleading such facts. The plaintiff did not in his petition claim that his title to the property was evidenced by a bill of sale. He simply alleged generally that he was the owner of the property. The first reference in the case to the bill of sale was when it was offered in evidence. The defendant had no opportunity to plead the facts converting the bill of sale into a mortgage. He could not be required to anticipate that the plaintiff would attempt to make out his title to the property by the production of a bill of sale. We think, therefore, that if it is competent at all, in an action of this kind, to introduce evidence to show that a bill of sale was intended to operate as a mortgage, such evidence may be introduced without pleading the facts.

2. It is claimed that it is not competent, in a court of law, to change a bill of sale of personal property into a mortgage. There seems to be a conflict in the authorities upon this subject. The case of *Hogel v. Lindel*, 10 Missouri, 483, holds

that it is not competent at law to show by parol that a deed absolute on its face is in fact a mortgage.

The contrary doctrine is announced in *Fuller v. Pauch*, 3 Mich., 211, and it is supported by reasoning which is satisfactory and convincing. To the same effect see *Cunningham v. Hawkins*, 27 Cal., 603; *Jackson v. Lodge*, 36 Id., 28. The weight of reason, in our opinion, is in favor of the rule that parol evidence is admissible in an action at law, as well as in equity, to show that a bill of sale absolute upon its face was intended as a mortgage.

III.   It is insisted that the court erred in instructing the jury that "the presumption of ownership arising from the bill of sale must be overcome by the defendant by a preponderance of evidence." It is insisted that a bare preponderance of evidence is not sufficient, but that the proof should be strong, clear and satisfactory. The rule by which a chancellor governs his own action in cases in which it is sought by parol evidence to convert a deed absolute on its face into a mortgage, is that the "proof should be clear, satisfactory and conclusive." *Corbit v. Smith*, 7 Iowa, 60; *Hyatt v. Cochran*, 37 Iowa, 309. To the same effect see *Cooper v. Skeel*, 14 Iowa, 578; *Maple v. Nelson*, 31 Iowa, 322; *Epps v. Dickerson*, 35 Iowa, 301. It is, however, the established law of this State, that questions of fact submitted to a jury in civil cases are to be determined by a preponderance of evidence. *Welch v. Jugenheimer*, 56 Iowa 11. We discover no error in the record.

AFFIRMED.