FARMERS' CO-OPERATIVE SOCIETY OF GENEVA v. THE GERMAN INSURANCE COMPANY, Appellant.

EVIDENCE—*Oral contract of insurance* may be established by a mere preponderance.

CONFLICTING EVIDENCE on appeal.

*Appeal from Franklin District Court.—*HON. B. P. BIRDSALL, Judge.

FRIDAY, APRIL 10, 1896.

THIS is an action at law upon an alleged verbal contract of insurance against the loss by fire of a grain elevator and grain stored therein, and machinery connected therewith. There was a trial by jury, which resulted in a verdict for the plaintiff. The defendant appeals from a judgment on the verdict.—*Affirmed.*

*Berryhill & Henry* for appellant.

*Taylor & Evans* for appellee.

ROTHROCK, C. J.—I. The main question in the case is whether the evidence was sufficient to authorize the jury in finding that a verbal contract of insurance was made and concluded between the parties. The defendant requested the court to charge the jury as follows: "In an action upon a parol contract to issue a policy of

insurance, no policy being in fact issued, there must be conclusive proof that all the essential elements of such a contract have been agreed upon. If the matter is left in doubt, upon the whole evidence, whether a binding contract was entered into, your verdict must be for the defendant. There is a dispute under the evidence as to whether there was any agreement to issue a policy, and as to the three following elements, which must be agreed upon to make a binding contract, viz., the time of payment of the premium, the amount of the insurance, and the distribution or apportionment of the total amount in each policy; and, unless you find from the evidence that there is conclusive proof that the agent of plaintiff and the agent of the defendant agreed upon the matters above mentioned, then the plaintiff cannot recover, and your verdict must be for the defendant." The court refused to give the instruction as requested, and the jury were charged, in substance, that the contract, like any other oral undertaking, might be established by a preponderance of the evidence. It is urged that this is not the rule as applied to an oral contract of insurance. The question is not an open one in this state. The rule is so well established that all questions of fact in a law action are to be determined by a preponderance of the evidence, that it ought not to be a subject of debate. In *McAnnulty v. Seick*, 59 Iowa, 586 (13 N. W. Rep. 743), it is said: "It is, however, the established law of this state that questions of fact submitted to a jury in civil cases are to be determined by a preponderance of the evidence."

II. It is said that no completed contract was made, or, in other words, that there was no meeting in the minds of the contracting parties upon the stipulations essential to constitute a valid contract. It appears that one Osborne was the agent of the defendant. He was not only a soliciting agent, but he was what is known as a recording agent. He had authority to solicit insurance and to fill up and issue policies. He went to the place where the elevator was situated, and proposed to insure the property. He had an interview with the general manager and the secretary of the plaintiff. His first conversation with these officers was on the twentieth day of October, 1893. It was thought then that the premium exacted for the insurance would probably be three and one-half per cent. Osborne examined the building and machinery, and made a diagram on paper with a pencil, and some figures, which indicated that the policy was to be for one thousand eight hundred and fifty dollars on all the property. The figures on the paper fixed the amounts on the building, the grain, the boilers and engine, and the other machinery separately, so that the aggregate was to be in that amount. Osborne returned to the elevator on the twenty-fourth day of October, and in a very brief interview said that four per cent. was wanted for the insurance, and the bargain was concluded at that amount. It is not claimed by plaintiff that a valid contract was made at the first interview. The property was destroyed by fire on the twenty-seventh day of October,

three days after the plaintiff claims that the contract was made. The policy had not been issued, nor the premium paid when the loss occurred. It is earnestly contended that the verdict is not supported by the evidence, because the evidence shows that the defendant did not at any time undertake to insure the property for the sum of one thousand nine hundred dollars as claimed by the plaintiff. The thought of counsel is that, as the figures made on the paper with the diagram and the policy register show that the risk was taken for one thousand eight hundred and fifty dollars, there was no meeting of the minds upon the proposition to insure the property for one thousand nine hundred dollars. This contention of appellant would undoubtedly be correct if there was no other evidence than the testimony of Osborne, and the diagram and figures thereon, and the policy register. But the general manager and the secretary of the company testified positively that the aggregate amount agreed upon was one thousand nine hundred dollars. It was a question for the jury to determine this conflict in the evidence, and this court is not authorized to hold that the verdict has not sufficient support, or that it is so manifestly without support as to show passion or prejudice. The judgment of the district court is AFFIRMED.