MARY J. JAMISON AND MARY J. JAMISON, Administratrix, *et al.,* Appellees, v. THE ESTATE OF W. R. JAMISON, Deceased, AND JOHN JAMISON, Executor of the Estate, Appellant.

**Evidence:** SUIT ON CONTRACT. *Admissions of Maker.* In an action on contract by a father to convey or devise land to a son, an instruction that the jury might consider any admissions of the father in his lifetime as to any contract with the son, in deciding whether there was any such contract was proper.

TRIAL: *Preponderance Sufficient in Civil Suit.* In a civil action, an instruction that plaintiff's case must be established by a fair preponderance of the evidence is proper.

BOOKS OF ACCOUNT: *Exclusion.* Where an account book containing charges against various people was offered in evidence but counsel failed to point out any admissible items in it, the book was properly excluded.

ADMISSION BY PLEA. *Harmless Error.* In an action on a contract of a father to convey or devise land to a son where the answer admitted that the father made a will devising the land to the son, admission of the will in evidence if error at all, was harmless.

Assignment of Error: SUFFICIENCY. An assignment of error which simply states that the trial court erred in its action on a motion it not sufficient, the motion containing seven grounds.

*Appeal from Butler District Court.*—HON. JOHN C. SHER-WIN, Judge.

SATURDAY, DECEMBER 22, 1900.

ACTION at law to recover damages by reason of the failure of W. R. Jamison, deceased, to convey or will to Samuel Jamison, deceased, a tract of land, in consideration of Samuel's promise to improve and use the premises as a home for himself and family. Plaintiffs are the widow and heirs at law of Samuel Jamison, deceased, who died before W. R. Jamison. The defendants denied the promise on the part of W. R. Jamison, and denied that Samuel Jamison made any improvements on the place pursuant to the alleged agreement. On these issues the case was tried to a jury, resulting in a verdict and judgment establishing plaintiff's claim against the estate to the amount of $2,400. Defendants appeal.—*Affirmed.*

*J. H. Scales* and *John Jamison* for appellants.

*Taylor & Evans* for appellees.

DEEMER, J.—It appears that W. R. Jamison made a will in which he devised the property in controversy to his son Samuel Jamison, that after making the will he conveyed the same property to some other sons, and that these sons, after the death of Samuel, dispossessed his widow and heirs, and took possession of the premise during their absence. Error is assigned on the admission in evidence of that part of the will of W. R. Jamison devising the property to Samuel. We think the evidence was admissible. But, whether admissible or not, there was an express admission of the fact in defendants' answer, and no prejudice resulted. In its instructions the court very carefully guarded the defendants' rights against undue prominence being given the will. Defendants offered an account book kept by W. R. Jamison, deceased. Objection was made to the book, and the court took the matter under advisement. Thereafter the court announced that he did not have time to run through the book, but that he had not observed any material or competent items, and said that, if counsel desired to call his attention to any particular items, he should do so. Thereupon an item was specified, and the court held that it was neither competent or material. The item is not reproduced in the abstract, and we cannot, therefore, find error. The objection to the book generally was also sustained. Counsel did not call the court's attention specifically to any other items that he thought were admissible, and there was no error in rejecting the book as a whole. Manifestly, the entire account book, containing charges against various parties, was not admissible. Such items of the book as are included in the abstract, show it to have been a diary kept by the deceased; and all that relate to this case are simply self-serving declarations. There was no error in excluding the book. The book was offered on the redirect examination of the witness William Jamison, and one ground of the objection was that it was not redirect examination. This objection was also good.

II.   Defendants moved to take the case from the jury, and also filed a motion for a new trial, based, among other things, on the ground that the verdict was not supported by the evidence.   Error is assigned on the ruling on each of these motions.   The motion to take the case from the jury was based on seven distinct grounds, and the motion for a new trial on eleven. A general assignment that the court erred in its rulings on these motions is not sufficient. There is no proper assignment calling in question the sufficiency of the evidence, and defendants' argument on this branch of the case cannot be considered.

III.   The court instructed, in substance, that plaintiffs must establish their case by a fair preponderance of the evidence.   This instruction is objected to for two reasons; First, because of the use of the word "fair"; and, second, because in such action plaintiff must make out his case by clear, satisfactory, and convincing evidence.   Neither of these positions is tenable.   The use of the phrase "fair preponderance of the evidence" has already been approved. *Bryan v. Railroad Co.*, 63 Iowa, 466. And in law questions of fact are to be determined from the preponderance of the evidence.   *McAnnulty v. Seick,* 59 Iowa, 590; *Farmers' Co-operative Soc. of Geneva v. German Ins. Co.*, 97 Iowa, 749. Complaint is also made of an instruction by the court to the effect that the jury might consider the admissions made by W. R. Jamison during his lifetime as to any agreement with Samuel regarding the land described, or any part of it, in determining the question as to whether or not an agreement was made as alleged.   Surely, this was a proper instruction.   The word "admission," as used in the instruction, was synonymous with "declaration," and there was no error.   The defendants asked no instructions as to the weight to be given such verbal admissions or declarations, and are in no position to complain because the usual qualifying phrase was not added.   Admissions or declarations of W. R. Jamison, made after the alleged contract with Samuel, tending to show that

such a contract had been made, were proper to be considered by the jury. No error appears, and the judgment is AF-FIRMED.

SHERWIN, J., taking no part.