SAMUEL BRILES, Appellant, v. SARAH H. GOODRICH, *et al.*

**Specific Performance:** *Degree of proof.* Plaintiff asked for specific performance of a verbal contract to convey real estate, which he alleges was made between him and the deceased owner,—that if he would move on her place, and support her as long as she lived, the property would belong to him absolutely. Defendants, the heirs of deceased's son, offered evidence that the above agreement was talked of, but never completed, and that the final arrangement was that if, at the end of one year, matters were satisfactory, the agreement as claimed would be made. Before the year expired the owner died. It was undisputed that a written contract in accord with plaintiff's contention was drawn up, but, upon objection by her son, destroyed without having been executed, and that, after the owner's death, plaintiff tried to buy of the son the land he afterwards claimed to own. *Held,* that the evidence was not so clear, definite, and conclusive as to establish the existence of the contract as claimed by plaintiff.

*Appeal from Hamilton District Court.*—HON. S. M. WEAVER, Judge.

TUESDAY, MAY 13, 1902.

ACTION to enforce specific performance of a contract to convey real estate. From a decree dismissing the petition, and taxing costs to plaintiff, he appeals.—*Affirmed.*

*J. H. Richard* and *G. D. Thompson* for appellant.

*A. N. Boeye* for appellees.

WATERMAN, J.—Jane Goodrich owned the real estate in question. She died on the 17th day of August, 1899, leaving surviving a son, as her sole heir at law. Shortly after that the son died, and the defendants are his widow and children. The land is a tract of five acres in Hamilton county, upon which stood a house and other improvements. Plaintiff is

a married man, and as he states his case, had been raised by Jane Goodrich and her husband; a few months before her death, Jane Goodrich verbally agreed that if he and his wife would move upon this five-acre tract and support her (the said Jane Goodrich, so long as she lived, the said land should belong to plaintiff absolutely. He moved with his family upon the land in March, 1899. Jane Goodrich lived with him until her death. Plaintiff, who is still in pos session of the real estate, instituted his action in the month of January, 1900.

It may well be questioned whether there is any sub·stantial evidence of the contract sued upon, when the testimony is sifted, and that which is admissible under section 4604 of the Code is laid aside. But giving plaintiff the benefit of all the evidence he has produced, we do not think he has made a case. The burden of proof in actions of this nature, is peculiarly upon the plaintiff, and the oral contract must be made out by evidence which is clear, definite and conclusive. *Truman ·v. Truman,* 79 Iowa, 506; *McDonald v. Basom,* 102 Iowa, 419; *Williamson v. Williamson,* 4 Iowa, 281; *Johnston v. Johnston,* 19 Iowa, 74. It would hardly be profitable to the parties or the profession to discuss in detail the facts. It is enough to say that there was evidence offered by the defense which went to show that, while such an agreement as plaintiff sets up was talked of between him and Jane Goodrich, it was never completed, and the final arrangement between them was that plaintiff should have the use of the land for one year; that Jane Goodrich would live with him, and if, at the end of that time, matters were satisfactory, the agreement as claimed would be made. Before the year expired, Mrs. Goodrich died. Defendants are supported by two significant facts, as to which there is no dispute. A written contract in accord with plaintiff's contention was drawn up at Mrs. Goodrich's instance, but on her son's making objection, it was destroyed by her without hav-

ing been executed; and, after Mrs. Goodrich's death, plaintiff tried to purchase from her son this land, which he now claims as his own. True, he attempts an explanation of this last fact by saying that at that time he did not know his verbal contract with decedent was valid; but he must have supposed it gave him a moral claim, yet he made no reference to it in his negotiations for a purchase. As we have said, the case is not made out.—AFFIRMED.

WEAVER, J., takes no part.