STATE OF IOWA, FOR THE BENEFIT OF THE SCHOOL FUND v. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

Railroads: CROSSING: FAILURE TO STOP. Where it appears that
1    an engineer is unable to stop his train at a grade crossing because the brakes of his engine are out of repair, he is not guilty of an offense, and the company is not liable under Code, section 2073.

Intent. Where an intent to violate a penal statute is wanting, an
2    offense is not committed, unless an absolute liability is provided in the statute.

Burden of Proof. The burden is on the state to establish by a
3    preponderance of the evidence, only, that the engineer was liable to the penalty imposed by Code, section 2073, and is not shifted by proof that the train was not stopped at the crossing.

Constitutionality of Statute.    Code, section 2073 is not unconstitu-
4    tional as imposing a penalty on a railway company for an
     offense of its employe, as it only imposes the duty of seeing
     that its agents obey the statute.

*Appeal from Story District Court.*—Hon. J. H. Richard,
Judge.

### Monday, October 19, 1903.

The defendant's line of road crosses that of the North-western Railroad Company at Slater on the level. On the 14th day of February, 1902, the defendant, through its engineer, pulled its freight train over said crossing without stopping, as required by section 2073 of the Code, and in this action recovery of the penalty as therein provided was claimed. Trial to jury resulted in verdict and judgment for the state. The defendant appeals.—*Reversed.*

*J. C. Cook, E. H. Addison* and *H. Loomis* for appellant.

*G. A. Underwood* for the State.

Ladd, J.—The defendant admitted the failure of its train to stop within 800 feet and more than 200 feet from the crossing, and interposed the defense that the engineer in charge did all he could to stop it, but that, owing to the brakes not working in the usual manner, the momentum of the train carried it over the crossing. The court submitted the case to the jury on the theory that the burden of proof was on the defendant, in order to exonerate itself from liability, to show by a preponderance of evidence that the failure to stop was not due to any negligence on the part of its employes in operating the train, or of the company in not having proper appliances, or in keeping those had in proper condition, and that the company might be liable even though the engineer was not. Possibly that should have been the law, but it was not so written by the legislature. The statute in question reads: "All trains run upon any rail-

*1. Crossing: failure to stop.*

road in this state which intersects or crosses any other
railroad on the same level shall be brought to a full stop
at a distance of not less than two hundred and not more
than eight hundred feet from the point of intersection or
crossing, before such intersection or crossing is passed,
except as otherwise provided in this chapter.    Any engin-
eer. violating the provisions of this section shall forfeit one
hundred dollars for each offense, to be recovered in an ac--
tion in the name of the state for the. benefit of the school
fund, and the corporation on whose road the offense is com-
mitted shall forfeit the sum of two hundred dollars for
each offense to be recovered in like manner."    Section
2073, Code.    The latter part of the statute is purely penal
in character, with the evident object of punishing the
offender, rather than afford a remedy for the wrongful
act.    In this respect it differs radically from provisions
awarding damages flowing from certain acts, such as the
setting out of fire.    Its meaning, then, cannot be extended
beyond the terms employed.    But one offense is denounced
by it, and that is the omission of the engineer to stop the
train as required.    The first sentence commands what shall
be done—defines a duty; the first clause of the second
sentence imposes a penalty on any engineer for "each
offense" of omitting such duty; the second clause of the
second sentence adds a penalty against the corporation "on
whose road such offense is committed."    To what do
these last words refer?    Manifestly, to the offense of
which the engineer is guilty.    No other is mentioned in
the section.    The statute cannot be fairly read otherwise.
.The thought seems to have been that, as the engineer con-
trols the train, the fault in failing to stop as required is
primarily his, and secondarily that of the company for
which he acts.    There is no ground for holding that the com-
pany may be liable independent of any fault of the engin-
eer.    The forfeiture of the corporation is made to depend
upon his guilt of the offense defined, and upon that only,

II.   As the statute is purely penal in character, it ought not to be construed as fixing an absolute liability. A failure to stop may sometimes occur, notwithstanding the utmost efforts of the engineer.   In such even this omission cannot be regarded as unlawful.   The law never designs the infliction of punishment where there is no wrong.   The necessity of intent of purpose is always to be implied in such statutes.   An actual and conscious infraction of duty is contemplated. The maxim, *"Actus non facit reum nisi meus sit rea,"* obtains in all penal statutes unless excluded by their language.   See *Regina v. Tolson*, 23 Q. B. Div. 168, where it was said, "Crime is not committed where the mind of the person committing the act is innocent."   See, also, Sutherland on Statutory Construction, section 354 *et seq.* No doubt many statutes impose a penalty regardless of the intention of those who violate them, but these ordinarily relate to matters which may be known definitely in advance.   In such cases commission of the offense is due to neglect or inadvertence.   But even then it can hardly be supposed the offender would be held if the act were committed when in a state of somnambulism or insanity. As it is to be assumed in the exercise of the proper care that the engineer has control cf his train at all times, proof of the mere failure to stop makes out a *prima facie* case.   But this was open to explanation, and if, from that given, it was made to appear that he made proper preparation, and intended to stop, and put forth every reasonable effort to do so, he should be exonerated.   See *Furley v. Ry. Co.*, 90 Iowa, 146.

    *2.  INTENT.*

This, however, did not shift the burden of proof.   It was still on the state to show that the offense had been committed (see *Chaffee v. U. S.*, 18 Wall. 517, 21 L. Ed. 908); not, however, by proof beyond a reasonable doubt, as contended by appellant.   Suit for a penalty is by ordinary proceedings, and the general

    *3  BURDEN of proof.*

rules prevailing in civil actions should govern. Ordinarily, a party to succeed must establish the averments of his petition by a preponderance of evidence only. There are exceptions in equitable actions, in which clear and satisfactory evidence is required for the reformation of an instrument and the like, but we now recall no instance of an action to be prosecuted by ordinary proceeding in which more than a bare preponderance of the evidence is exacted. *McAnnulty v. Seick*, 59 Iowa, 586; *Coit v. Churchill*, 61 Iowa, 296; *Truman v. Bishop*, 83 Iowa, 697; *Callan v. Hanson*, 86 Iowa, 420; *Jamison v. Jamison*, 113 Iowa, 720. Even though a criminal act be the basis of recovery, the same rule obtains. *Welch v. Jugenheimer*, 56 Iowa, 11; *Riley v. Norton*, 65 Iowa, 306. An action for a penalty or forfeiture should form no exception to the rule. A civil liability only is involved, and none of the reasons for exacting full proof, save the imputation of wrongdoing as in a criminal action, obtain. *People v. Briggs*, 114 N. Y. 56 (20 N. E. Rep. 820); *Hitchcock v. Munger*, 15 N. H. 97; *State v. Kansas City, etc., R. Co.*, 70 Mo. App. 634; *Hawloetz v. Kass*, (C. C.) 25 Fed. Rep. 765; 16 Ency. P. & P. 295. As said in the first of the above cases: "The purpose of the action is not the punishment of the defendant in the sense legitimately applicable to the term, but such action is brought to recover the penalty as a fixed sum by way of indemnity to the public for the injury suffered by reason of the violation of the statute. The effect is merely to charge the defendant with pecuniary liability, while a criminal prosecution is had for the purpose of punishment of the accused." *Chaffee v. U. S.*, 18 Wall. 516 (21 L. Ed. 908), is sometimes cited to the contrary, and seems to have been relied on in reaching the conclusion that the intensity of proof should be beyond a reasonable doubt in *Gulf, etc., R. Co. v. Dwyer*, 84 Tex. 195 (19 S. W. Rep. 470); but, as pointed out in *Hawloetz v. Kass*, *supra*, that question does not

appear to have been considered.   See, also, *Riker v. Hooper*, 35 Vt. 457 (82 Am. Dec. 646).   The weight of authority is with our conclusion that the right to recover may be established by a preponderance of the evidence.

Appellant questions the constitutionality of the statute in so far as it imposes a penalty upon the corporation for an offense of the engineer.   As we understand the argument, it is that the legislature has no power to enact a statute punishing one person for an offense committed by another.   Such is not the purport of this statute, however.   The engineer is a mere employe or agent of the corporation.   He is selected by it for this position of great responsibility in the operation of its property, and is under its directions.   The statute exacts of the corporation the duty of seeing to it that such employe or agent do this in obedience to the statute, and on failure to do so inflicts a penalty, not alone for the omission of the engineer, but for its failure to compel the proper discharge of his duty.   Other errors assigned will not be likely to arise on another trial.—REVERSED.

*4. CONSTITU-TIONALITY of statute.* (margin note)