REBECCA ANN THOMPSON, Appellee, v. E. A. ROMACK, Administrator, Appellant.

EXECUTORS AND ADMINISTRATORS: Allowance and Payment
1. of Claims—Bringing Claim to Trial—Technical Violation of Order of Court. The technical statutory way of bringing to trial a claim in probate is to proceed as though one was serving an original notice and to serve a ten days' notice of the hearing on the administrator or executor, along with a copy of the claim; but an order of court that claimant bring a claim on for trial at a certain term, or suffer a dismissal, is sufficiently complied with by the filing of a "trial notice" with the clerk for the proper term, followed by a full appearance by defendant thereto.

EXECUTORS AND ADMINISTRATORS: Allowance and Payment
2. of Claims—Stating Claim—Liberality Allowed. Great liberality is indulged in stating a claim in probate. The ordinary rules of pleading do not apply. A defect which would render a *petition* demurrable is not necessarily fatal in the statement of a claim in probate.

EVIDENCE: Conclusions—Witness Stating Substance of Conversa-
3. tion. Where a witness is unable to give a conversation verbatim, but gives the substance thereof as he remembers it, such evidence is not usually excluded as a conclusion.

EVIDENCE: Declarations Against Interest—Wills—Agreement to
4 Will. Declaration of a deceased that he was to make his home

with his sister and that she was to have his farm after his death are admissible in an action to establish and enforce such contract.

EVIDENCE:  Self-Serving Declarations—Non-Admissibility—Wills—Agreements to Make. Self-serving declarations or statements are not admissible. So *held* as to such statements by a deceased, the action being founded on an alleged agreement to make a will.

APPEAL AND ERROR:  Waiver of Error—Unargued Assignment of Error. An unargued assignment of error may be ignored. So *held* under an assignment of error on the part of the court in adding interest to a verdict.

EXECUTORS AND ADMINISTRATORS:  Payment and Allowance of Claims—Degree of Proof Required. Claims in probate are tried as ordinary actions. A preponderance of evidence is sufficient. "Clear, satisfactory and convincing" evidence is not required, as in actions to set aside deeds or for specific performance. (Sec. 3341, Code, 1897.)

EXECUTORS AND ADMINISTRATORS:  Payment and Allowance of Claims—Agreement to Will—Value of Services—Materiality. On the issue whether deceased had *contracted* to give his farm in return for care and support during the remainder of his life, the fact that deceased died soon after the contract was made and the one furnishing the care was, therefore, largely overpaid, is entirely immaterial.

*Appeal from Jefferson District Court.*—C. W. VERMILION, Judge.

SATURDAY, FEBRUARY 12, 1916.

THIS was an action in probate on the claim of plaintiff against the administrator for the value of an 80-acre farm, because of the failure of deceased to will or deed the same to her, under an express agreement to do so, for making a home for him from February, 1912, until his death, in July, 1913. Defendant filed a counterclaim in the sum of $1,514, for payments of money alleged to have been made by deceased to the plaintiff. The case was tried to a jury, which returned a verdict for claimant for $15,000, to which the court added interest at 6 per cent. from the date of the death

of the intestate to the date of the verdict, and the claim was
allowed as of the third class for $15,725.    The defendant
appeals.—*Affirmed.*

*Leggett & McKemey,* for appellant.

*Crail & Crail* and *J. F. Ready,* for appellee.

PRESTON, J.—The issues, as stated by appellant, were
whether any contract or agreement had been made, as alleged
in the claim, whereby claimant was to receive the farm of
the deceased, in consideration for keeping him and caring
for him; and whether claimant received large sums of money
from deceased, as claimed by the administrator.    As stated,
there was a jury trial, and the issues were decided in favor
of the claimant.

1.    The cause was tried at the April Term, 1914.    On
April 7, 1914, the defendant filed a motion to dismiss the
claim or to have the same disallowed, because,
as he claimed, the plaintiff had not complied
with an order of court entered in the cause
at a former term, another judge presiding.
This order was made on February 14, 1914,
and is as follows:

1. EXECUTORS
AND ADMINIS-
TRATORS: al-
lowance and
payment of
claims: bring-
ing claim to
trial: techni-
cal violation of
order of court.

"And now, on this 14th day of Febru-
ary, 1914, the same being the 12th day of the February Term
of this court, in this cause it is ordered by the court that the
claimant, Rebecca Ann Thompson, bring on her claim before
this court at the April Term, 1914, for adjudication, or the
same shall be disallowed.

"It is further ordered that the clerk of this court shall
send a certified copy of this order to claimant at her last
known post-office address, Newton, Kansas."

It is said by appellant that the statute, Sec. 3338, Code,
1897, provides the manner in which a claim against an estate
shall be brought on for hearing.    But that has reference to

the filing of the claim, or perhaps, more properly speaking, to giving notice thereof to the administrator in the first instance. The record shows, as we understand it, that, as to the claim itself, the defendant, by his attorneys, had entered an appearance to the claim, so that the notice there provided for was waived. *McLeary v. Doran,* 79 Iowa 210.

The order made on February 14th was broader than it needed to be. Doubtless the only purpose of the court in making the order was that the cause then pending should be brought on for hearing. The plaintiff did file with the clerk, within the proper time, a trial notice that the cause would be brought on for hearing at the April Term. The rule and statute do not require that such notice shall be served on opposing counsel. Such a notice was not served. But the cause was brought on for trial at the April Term and was tried at that term, the defendant appearing and contesting the claim. Conceding that the order before referred to was not technically and strictly complied with, we are unable to see how defendant was in any manner prejudiced, and we think the trial court had some discretion in the matter. If the order of February 14th was too broad, the court could have modified it, doubtless, at a subsequent time. This was not done, but the ruling of the court in overruling defendant's motion to dismiss or disallow the claim at least had that effect. It should have been stated that the order of February 14th was *ex parte.* The deceased died July 10, 1913, and an administrator was appointed September 18, 1913. The claim was filed November 7th of the same year. At that time, the time for filing claims would not expire for seven months thereafter. Plaintiff was nearly 80 years of age, and lived at Newton, Kansas. In our opinion, the ruling of the district court at this point was just and right, even though the prior order had not been technically complied with.

2. It is thought by appellant that the claim was not sufficiently specific. It was not attacked in any way in the

district court, so that it is doubtful whether the question has ever been properly raised. It is enough to say that we think it was sufficient, under the rule laid down in *Chariton National Bank v. Whicher,* 163 Iowa 571, that such a claim is not subject generally to the rules of pleading prevailing in ordinary litigation, and that a defect which would render a petition demurrable is not necessarily fatal to a claim in probate.

**2. EXECUTORS AND ADMINISTRATORS: allowance and payment of claims: stating claim: liberality allowed.**

3. As stated, the claim was for the value of the land. The claim is that there was a contract that she was to receive the land. This was not an action for specific performance, and plaintiff did not receive the land. A son of plaintiff's testified to a conversation between his mother (the claimant) and the deceased, stating that the substance of the conversation was that she was to make a home for him and care for him for the farm. He was to give her the farm. Defendant moved to strike the answer as a summary and incompetent, which was overruled, and this is assigned as error. The witness was not cross-examined by appellant to test his credibility. The witness was unable to give the conversation verbatim. It is not often that a witness is able to repeat the words used. Where the substance of the conversation is given, the evidence is not generally to be excluded as the conclusion of the witness. *Walker v. Camp,* 63 Iowa 627; *State v. Donovan,* 61 Iowa 278; *Stiles v. Breed,* 151 Iowa 86, 93; 17 Cyc., 794.

**3. EVIDENCE: conclusions: witness stating substance of conversation.**

Objection was made to declarations made by deceased, to the effect that he had his arrangements all made by which he was to make his home with his sister and that she was to get the farm. We think this was proper. The objection urged against some of the declarations in the court below was that they were incompetent under Section 4604, Code, 1897, and that they were contrary to the statute

**4. EVIDENCE: declarations against interest: wills: agreement to will.**

of frauds. But these objections are not now urged. The intentions of the deceased were material and relevant to show that he understood the contract and were proper evidence in corroboration of the direct evidence of the contract. At the time the declarations and admissions were received, the question of *quantum meruit* was still in the case, and the intention and expectation of deceased to pay for the services rendered were material. After claimant elected to stand on the express contract, the objections were not renewed, and no motion made by defendant to strike. The same rule applied to other declarations of deceased against interest, to the effect that he said his property was for his sister at his death, and that he expected his sister Beckie to have it.

The court did not err in rejecting evidence offered by defendant as to declarations of deceased in his own favor at other times than those inquired about by the claimant.

4. The sufficiency of the evidence to sustain the verdict was challenged by motion at the close of claimant's evidence to direct a verdict, also at the close of all the evidence, and by motion for new trial. The evidence was sufficient to take the case to the jury, and the finding of the jury is conclusive upon this court. We have given some indication of the character of the evidence, and there was more of the same kind. We are so clear about this that we consider it unnecessary to set out the evidence in detail, or to review the cases cited by appellant wherein the evidence was held insufficient.

5. EVIDENCE: self-serving declarations: non-admissibility: wills: agreements to make.

5. It is assigned as error that the court erred in adding $725 to the verdict of the jury, as interest. No authorities are cited and there is no argument on this point. Appellant simply contents himself with saying that it only shows the calloused condition of the susceptibility of the district judge that, having so tried the case that the jury allowed ten times what the evidence showed the services were

6. APPEAL AND ERROR: waiver of error: unargued assignments of error.

reasonably worth, and after it had been shown that they had
been more than paid for in cash, he coolly added $725 to the
.amount he ordered to be taken from the heirs of this estate,
under the guise of interest. We are not called upon to deter-
mine the question of interest. As the case was submitted to
the jury, there was no question as to what the services were
reasonably worth, but whether there was a contract, as claimed,
and whether plaintiff had been paid was a question for the
jury under the evidence, and their finding is also conclusive
on this point. The matter of alleged payments was set up in
the counterclaim of defendant.

6. Defendant asked instructions to the effect that the
.evidence was not such as is required by law to support the
allegation that deceased agreed to convey the land described
in the claim as a consideration for support-
7. EXECUTORS
AND ADMINIS-
TRATORS: pay-
ment and al-
lowance of
claims: degree
of proof re-
quired.
ing him, and that the jury should not con-
sider the evidence of the value of the land as
a basis for ascertaining the amount to be
allowed to plaintiff on her claim; and that, if
they found in favor of plaintiff, they should
;allow her the reasonable value of the services rendered, as
shown by the evidence, and as to the weight to be given evi-
dence of witnesses testifying to declarations of deceased.
Enough has been said in prior divisions of the opinion to show
that the theory of defendant as to the measure of the recov-
ery was not a correct theory, and as to the instruction in
regard to the weight of the testimony, we think it was covered
by instructions given by the court.

Cases are cited by appellant, holding that the evidence
must be clear, satisfactory and convincing. As stated, this
is not a case to set aside a deed or for specific performance,
and we·think a preponderance of the evidence is all that is
required in a case of this kind. The action was to establish
a claim against the estate. *Mosher v. Goodale,* 129 Iowa 719;
*Jamison v. Jamison,* 113 Iowa 720; *McAnnulty v. Seick,* 59

Iowa 586; *Welch v. Jugenheimer,* 56 Iowa 11; *Hutton v. Doxsee,* 116 Iowa 13. In the hearing of a contested claim in probate, all provisions of law applicable to an ordinary action shall apply. Code Section 3341.

7. Appellant urges with some vehemence that the estate was robbed by the allowance of so large an amount for 17 or 18 months' care of deceased. But, as stated, it was not a question as to the value of the services, but whether deceased made a contract with plaintiff, as alleged. He had a right to make such a contract. The testimony shows that deceased was a twin brother of plaintiff's and that they had affection for each other. In addition to the 80 acres of land, deceased left an estate in notes, mortgages and other securities of the value of about $24,000. Deceased would have had the right to make a will giving the land to plaintiff, or he could have made her a gift of it. He was old and feeble, and it was uncertain for what length of time he would be a care. He was in poor health, and may have considered that he might be a burden for a number of years. As bearing upon this proposition, see *Nixon v. Klise,* 160 Iowa 238.

8. EXECUTORS AND ADMINISTRATORS: payment and allowance of claims: agreement to will: value of services: materiality.

The defendant has had a fair trial, and the judgment is, therefore,—*Affirmed.*

EVANS, C. J., DEEMER and WEAVER, JJ., concur.