IN RE ESTATE OF SAMUEL S. GRIFFIN.

S. HENRY GRIFFIN, APPELLEE, v. ESTATE OF SAMUEL S. GRIFFIN ET AL., APPELLANTS.

FILED OCTOBER 20, 1922. No. 22048.

1. **Evidence:** ADMISSIONS OF DECEDENT. Admissions of a decedent may be received against his personal representatives to show the contractual liabilities of decedent, and, in a proper case, may be sufficient to establish a contractual liability on the part of the decedent.

2. **Statute of Frauds:** ORAL CONTRACT. An oral contract is not void under the statute of frauds merely because it does not specifically provide that it is to be performed within a year; the statute applies only where by the terms of the contract it is not to be performed within the year.

In re Estate of Griffin.

3. ———. "An agreement which has been performed is not within the statute of frauds." *Milner v. Harris*, 1 Neb. (Unof.) 584.

APPEAL from the district court for Lancaster county: FREDERICK E. SHEPHERD, JUDGE. *Affirmed.*

*McCarty & Hager,* for appellants.

*Charles E. Matson* and *G. H. Risser, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DAY and FLANSBURG, JJ.

MORRISSEY, C. J.

This suit involves a claim filed by S. Henry Griffin against the estate of his father, Samuel S. Griffin. For many years prior to the decease of the father, plaintiff occupied, as a tenant, a farm owned by the father. It is alleged that during the tenancy plaintiff constructed buildings and made general improvements, which are specified in the petition, upon the land under an oral agreement with the deceased that whenever plaintiff vacated the premises he should be paid the value of the improvements. From a verdict and judgment in favor of plaintiff the objectors have appealed.

Taking up the assignments in the order of their importance, we will first consider whether the evidence adduced was sufficient to warrant the trial court in submitting to the jury the question whether the contract pleaded had been made. To support plaintiff's claim as to the making of the contract, plaintiff offered his brother as a witness, who testified to a number of conversations had with the deceased in which the deceased told the witness that he had told plaintiff to erect the buildings, make the improvements, and that he (deceased) would pay "what they would be worth whenever he (plaintiff) moved off." It is claimed by appellants that these admissions are insufficient to show any agreement was entered into between decedent and plaintiff; that they were admissible only as declarations against interest, or as corroborative of other evidence of the contract.

The general rule seems to be otherwise. "Admissions of a decedent may also be received against his personal representatives to show the contractual or other surviving liabilities of the decedent to others, or to affect his representatives in suits on claims due to the estate, unless they are too remote to possess any probative value." 22 C. J. 363, sec. 430.

In *Jamison v. Jamison*, 113 Ia. 720, the supreme court of Iowa said: "In an action on contract by a father to convey or devise land to a son, an instruction that the jury might consider any admissions of the father in his lifetime as to any contract with the son, in deciding whether there was any such contract, was proper."

*Hialey v. Hialey's Estate*, 157 Mich. 45, was a suit wherein plaintiff sought to recover from the estate of his father for services rendered after the son had reached his majority. The court said: "No witness testified to any interview between claimant and his father which could be called an agreement in relation to the subject, and claimant's counsel rely upon certain evidence, which they say justifies an inference that there was a mutual understanding that claimant was to receive pay for his work at going wages. An express contract is essential to overcome the presumption that a son who continues to live with his parent is not entitled to compensation for his services; i. e., the law will not imply a contract from the mere rendition of services in such a case, it being presumed that they are members of one family contributing to the common support. Such a contract may be proved, however, by the admission of the party to be charged."

In principle the holding applies to the instant case. It is true that such admissions are not always conclusive, but the weight to be given to them is for the jury. When considered with all the other facts and circumstances in evidence, we cannot say that there is not sufficient evidence to support the verdict.

It is urged that the contract, if made, was void under the statute of frauds; because it was not to be performed

wihin a year from the making thereof; because not evidenced by any writing; and because no part of the purchase money was paid. As to the first objection, it is sufficient to say that there was nothing in the contract to prevent its performance within the year. The rule seems to be:

"In order to bring a contract within the *infra annum* clause, it must appear affirmatively that it is not to be performed within the year, and it has been said that the purpose of the statute is to provide only for a case in which there cannot be an actionable breach within the specified time. So it is the generally accepted rule that to bring a contract within its operation there must be an express and specific agreement not to be performed within the space of a year; if the thing may be performed within the year, it is not within the statute, a restricted construction being given to the statute on account of the negative form of the provision. A contract is not brought within the statute by the fact that the full performance within a year is highly improbable, nor by the fact that the parties may not have expected that the contract would be performed within the year. This is said to be true if there is a possibility of its being performed within a year, and there is no stipulation that it shall not be so performed. If an agreement is capable of being performed within a year, it is not within the statute, although it be not actually performed till after that period, and after the expiration of the year it still remains binding." 25 R. C. L. 454, sec. 29.

As to the remaining assignments based upon the statute, it is sufficient to say that the contract was fully performed, and, as said by this court in *Milner v. Harris*, 1 (Neb.) (Unof.) 584: "An agreement which has been performed is not within the statute of frauds."

There is a further claim as to the statute of limitations, but the evidence does not support appellants as to this. There is also objection made to the proof as to values. An examination of the entire record, however, discloses that

the witnesses who testified were sufficiently qualified. The jury were correctly instructed by the trial judge, the record is free from error, and the judgment is

AFFIRMED.