WILLIAM K. SCHELL, Admr.

*v.*

ELIAS WEAVER.

*Opinion filed December 22, 1906—Rehearing denied Feb. 7, 1907.*

1. APPEALS AND ERRORS—*when the Appellate Court's judgment is conclusive of facts of claim against estate.* The allowance of a claim against an estate for money loaned to the deceased does not require the exercise of chancery powers by the probate court, and hence the judgment of the Appellate Court confirming such an allowance is conclusive of the controverted facts in the case.

2. EVIDENCE—*admissions of deceased to third persons are competent though administrator defends.* To sustain a claim against an estate for money loaned to the deceased where there is no written evidence of such claim, admissions by the deceased to a third party may be proved notwithstanding the administrator of such deceased person is defending.

3. SAME—*law does not presume existence of written evidence of loan.* In the absence of any contention that a claim against an estate for money loaned the deceased, with interest thereon, was evidenced by any writing, the law does not presume there is in existence better evidence of such loan than parol testimony.

4. SAME—*one who raises defense of Statute of Limitations has the burden of proof.* An administrator who raises the defense of the Statute of Limitations to a claim for money loaned, where there is nothing in the claim itself which shows when the loan was made except that less than five years' interest was claimed, has the burden of establishing such defense, the same as though a written plea had been filed and traversed, and it is not essential that the claimant prove, in the first instance, that the claim is not barred.

Appeal from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Carroll county; the Hon. R. S. Farrand, Judge, presiding.

Fred Zick, for appellant.

Ralph E. Eaton, for appellee.

Mr. Justice Farmer delivered the opinion of the court:

This is an appeal from the judgment of the Appellate Court affirming a judgment of the circuit court allowing a claim in the sum of $1200 against the estate of Thomas T. Schell. In the circuit court a jury was waived and the case tried by the court in November, 1905. The claim of appellee was filed by him in the probate court in May, 1905, and is itemized: "To money loaned, $985.50; to interest on above loan at five per cent, $230.90; total, $1216.90."

Appellee was a farm laborer, and the evidence tends to show had accumulated a few thousand dollars, which he loaned out. Deceased was a farmer, and the appellee had worked for him in 1888 or 1889, or a part of both those years. Thomas T. Schell died August 5, 1904. At that time appellee was in the State of Pennsylvania and did not return to Illinois until April, 1905. When he went to Pennsylvania or how long he had been gone from the neighborhood in which deceased lived before his death is not shown by the evidence. The date at which the loan was made is not stated in the claim nor shown by other evidence. The evidence offered to establish the claim was the testimony of Charles F. Michael. He testified he had known deceased and appellee many years; that in the fall of 1888 or 1889 deceased came to his house and hired appellee to work for him; that appellee worked for deceased through the fall and winter, but witness did not know whether he worked longer; that some time in May or June preceding the death of Thomas T.

Schell the witness met him in Milledgeville, and Schell asked the witness if he knew where appellee was, and said that as he was at the witness' house occasionally he thought he might be able to tell him where he was; that witness replied he did not know where he was; that he had left his house the previous September and he supposed he was in Pennsylvania. The witness testified Schell then said: "I would like to know where he is; I owe him $1000 borrowed money and some interest,—about $200; I am ready to pay it and would like to settle with him." Witness told Schell if he owed appellee that much he would be sure to come around for it some day, and Schell said, "I want to know where he is real bad."

It is contended by appellant that this evidence was wholly insufficient, but the question of the weight of the evidence is not open to review by us. Where the allowance of a claim against an estate does not require the exercise of the chancery powers of the probate court, a judgment of affirmance by the Appellate Court is conclusive on this court upon all controverted questions of fact, the same as in other actions at law. (*Hobbs* v. *Ferguson,* 100 Ill. 232; *Belleville Savings Bank* v. *Bornman,* 124 id. 200; *Bliss* v. *Seaman,* 165 id. 422.) Here the claim was for money loaned, and did not require the exercise of any of the probate court's equitable powers.

It is also contended that the evidence of the witness Michael was incompetent, and that the trial court erred in hearing it over appellant's objections. Appellee's claim was not based upon any written agreement or instrument in writing. So far as the record shows, no writing was ever made by the parties, or either of them, to evidence the transaction. Thomas T. Schell being dead and his administrator defending the suit, disqualified appellee from testifying to anything occurring before the death of the intestate. If the suit had been brought against Schell in his lifetime it would not be contended that the testimony of the witness Michael was incompetent. The administrator stood, on the trial, in the

225—11

place of and represented the intestate, and while this situa-. tion prevented appellee from testifying in his own behalf, we know of no rule of law that rendered admissions made to third parties by the intestate in his lifetime, against his interest, incompetent after his death.

It is also claimed, and the court was asked to hold as a proposition of law, that the claim being for money loaned, and interest thereon, "presupposes that there is better evidence in existence of such loan and interest than a mere admission of the deceased of such loan and interest to a person not the creditor nor a representative of the creditor." It never having been claimed that there was, or ever had been, any writing in existence evidencing the loan or indebtedness, the law does not presume the existence of better evidence than parol testimony. The court did not err in admitting the testimony. Its sufficiency was a question for the trial and Appellate Courts.

It is also said that appellant, as was his duty to do, interposed and relied on the Statute of Limitations, and it is urged that the court erred in refusing a proposition of law asked by appellant to the effect that the cause of action having accrued to appellee on an oral contract more than five years before the death of Thomas T. Schell, was barred by the Statute of Limitations unless Schell had made a new promise to pay, to appellee or some one representing him. There is nothing in this record to show that the cause of action accrued more than five years before the death of Schell. The action having originated in the probate court, there were, of course, no written pleadings. As we have before said, the claim did not state the date of the alleged loan. The fact that less than five years' interest was charged for the loan would seem to indicate that the cause of action did not accrue more than five years before the death of Schell. But appellee was not required, in the first instance, to prove that his claim was not barred by the Statute of Limitations. That was an affirmative defense of appellant. By invok-

ing the Statute of Limitations he assumed the burden of proving his defense. His position was in nowise different from what it would have been if the plea had been written and had been traversed by appellee. Some authorities may be found laying down a different rule, but the weight of authority and the better and more logical reason are to the effect that the Statute of Limitations is an affirmative defense, and the burden of proving it is on the party pleading it. *Hunter* v. *Hunter*, 90 Am. St. Rep. 663; Bradner on Evidence, p. 361; Jones on Evidence, sec. 192; 8 Ency. of Ev. 319-321; *Bartelott* v. *International Bank*, 119 Ill. 259.

We have examined all the errors of law raised on this record and are of the opinion there is nothing in them that would justify us in reversing the judgment of the Appellate Court, and accordingly it is affirmed.

*Judgment affirmed.*