12366.  O'CONNELL *v.* STODDARD.

12367.  AMERICAN SURETY COMPANY *v.* STODDARD.

The building contractor and the surety on his bond, which by its terms was joint and several, were properly joined as parties defendant; and there was no misjoinder of causes of action. The suit, properly construed, was an action for breach of contract, although there were allegations as to wrongful conversion of money intrusted to the contractor under the contract.

It was not error to allow the plaintiff (the obligee in the bond) to amend so that the suit, which was brought in his own name alone, should proceed also for the use of a person to whom he had assigned the bond as security for money borrowed to make payments on the building.

DECIDED OCTOBER 7, 1921.

Action on contract; from Chatham superior court — Judge Meldrim. January 6, 1921.

*Seabrook & Kennedy, Stephens, Barrow & Heyward,* for plaintiffs in error. *W. W. Gordon,* contra.

HILL, J. Stoddard sued O'Connell, as principal, and the American Surety Company of New York, as surety, on a building contract, and specifically alleged many breaches of it. The petition, in only one count, contains specifications of breaches of the building contract, and the whole scheme of the suit is to recover damages from O'Connell and the surety company for these various breaches on the part of O'Connell, in connection with the construction of the building described in the contract. The petition alleges repeated fraudulent acts on the part of O'Connell in obtaining money from the plaintiff by false affidavits, and its appropriation otherwise than according to the terms of the contract. The petition was originally in the name of Stoddard alone as plaintiff. Pending the hearing the petition was amended by adding as plaintiff the name of Mrs. Mabel Leigh, on the ground that the surety bond in question had been assigned to her by Stoddard as security for a large amount of money which he had borrowed from her to make payments on the erection of the building as described in the building contract made with O'Connell, and an order was passed allowing the case to proceed in the name of both Stoddard individually and Stoddard for the use of Mrs. Leigh to the extent of her interest in the bond as represented by her advances. The defendants both filed demurrers, general and special. The trial court overruled these demurrers, and the case is here for review on that judgment. Separate writs of error were sued out, and both present for the consideration of this court two questions arising on the judgment overruling the demurrers. First, it is insisted that there was a misjoinder of parties and causes of action, there being joined an action ex delicto against O'Connell and ex contractu against the surety company; O'Connell being directly charged in the petition with misappropriation

of the funds entrusted to him in connection with the building con-tract, and the surety company being charged with the violation of its contract as surety on O'Connell's bond in connection with said building. Second, it is insisted that the amendment making Mrs. Leigh a party plaintiff was improperly allowed.

1. There was no misjoinder of causes of action. The allegations of the petition showed that it was clearly an action for damages for the breach of the contract. It may be that the transactions complained of partake, some of them, of both a tort and a breach of contract, but this is immaterial. Civil Code (1910), § 4407. The allegations in the petition charging the wrongful conversion of the money which had been entrusted to the defendant by the plaintiff do not necessarily make the cause of action one arising ex delicto. True, the wrongful conversion alleged was tortious in the general sense that all torts are wrong, but it does not follow that an action ex contractu is joined to an action in tort because the money entrusted under the covenants of the contract has been wrongfully converted by the principal defendant to his own use. These are simply means by which the contract was violated. But an action setting out these violations is, nevertheless, properly construed as an action ex contractu arising from the breach of the covenants of the contract.

2. Neither was there any misjoinder of parties. The bond in question, made by the surety company, is, by its terms, joint and several. The obligation of the surety was to make good the derelictions and defaults arising from the building contract. And the plaintiff in this case could have sued, in the same suit, both the principal and the surety, or he could have sued them separately. Civil Code (1910), § 5529.

3. The amendment making Mrs. Mabel Leigh a party plaintiff, or allowing the suit to proceed in the name of Stoddard for the use of Mrs. Leigh, was proper, under the allegations. The bond, according to the allegations of the petition, had been assigned to Mrs. Leigh by Stoddard to protect her for advances she had made to him in completing the building. What concern is it to the debtor, O'Connell, whether the bond has been assigned or whether the assignee is made a party? Stoddard not only had the right to sue in his own name, but also had the right, under the allegations, to designate another person to take the proceeds

of the suit. *Gilmore* v. *Bangs,* 55 *Ga.* 403; *Richmond & D. Railroad Co.* v. *Bedell,* 88 *Ga.* 591 (15 S. E. 676); *Fidelity Co.* v. *Nisbet,* 119 *Ga.* 316 (46 S. E. 444); *Gate City Cotton Mills* v. *Cherokee Mills,* 128 *Ga.* 170 (57 S. E. 320). It is therefore the opinion of this court that the judgment of the lower court overruling the general and special demurrers should be affirmed.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*