ESTATE OF LINKMAN : WEYENBERG, Administrator, Appellant, vs. TOMKIEWICZ, Respondent.

*October 16—November 9, 1926.*

*Bills and notes: Non-negotiable instruments: Consideration must be proved: Declarations accompanying delivery of instrument: Claims against estates: Evidence: Sufficiency.*

1. A memorandum reading "I owe J. T. 1000 dollars, E. L., M. D., June 25, 1921," is non-negotiable, and no consideration is presumed where none is recited.   p. 354.
2. One whose claim against an estate was based on a non-negotiable instrument not reciting any consideration is required to prove a sufficient consideration to establish a valid claim against the estate.   p. 354.
3. Declarations of the deceased and of the claimant, made in exchanging a diamond ring deposited as security for the non-negotiable promise to pay, are admissible as admissions; and it is *held* that the evidence sufficiently proved a consideration for the instrument.   p. 355.

APPEAL from a judgment of the county court of Milwaukee county: M. S. SHERIDAN, Judge.   *Affirmed.*

The administrator of the estate of Erwin G. Linkman appeals from a judgment of the county court of Milwaukee county allowing the claim of *Eugene Tomkiewicz* against the estate in the sum of $1,000.

For the appellant there was a brief by *Bottum, Hudnall, Lecher & McNamara,* and oral argument by *Harold W. Connell,* all of Milwaukee.

For the respondent there was a brief by *Leo W. Slensby,* attorney, and *Leo J. Topolinski,* of counsel, both of Milwaukee, and oral argument by *Mr. Slensby.*

ROSENBERRY, J.   The claimant filed a claim against the estate of Erwin G. Linkman, deceased, in the sum of $1,000, based upon the following memorandum :

"I owe Jean Tomkiewicz 1000. Dollars.
"June 25, 1921.          ERWIN LINKMAN, M. D."

The administrator objected to the claim upon two grounds: (1st) that he had insufficient information regarding the claim, and demanded that it be regularly proven in open court; and (2d) that such information as he had was to the effect that such demand was not a valid claim against the deceased.

The matter was brought on for trial. It appears from the evidence that *Tomkiewicz* was a druggist and had known Dr. Linkman for about ten years; they had been schoolmates and were good friends. Claimant identified the signature of Dr. Linkman upon the writing and it was offered in evidence. One Stanley Michalek was then sworn, and he testified that he was behind the counter in the drug store of the claimant at the time of the transaction; that he saw Dr. Linkman write out the document, hand it to *Tomkiewicz,* and at the same time *Tomkiewicz* returned to Dr. Linkman a diamond ring, which he gathered from the conversation had been left as security for the thousand dollars which *Tomkiewicz* had given to Dr. Linkman the night before. The court rejected the testimony of Michalek, but, being of the opinion that the writing imported a consideration, gave judgment for $1,000 in favor of the claimant.

It requires no argument or citation of authority to sustain the proposition that the writing in question was a nonnegotiable instrument. It recited no consideration and none is presumed under such circumstances. We have no statute in this state that contracts other than negotiable instruments import a consideration where the consideration is not expressed in the writing. It was therefore incumbent upon the plaintiff, in order to establish a valid and subsisting claim against the estate of the deceased, to prove a sufficient consideration. *Joseph v. Catron,* 13 New Mex. 202, 81 Pac. 439, 1 L. R. A. N. s. 1120 and cases cited.

Estate of Linkman, 191 Wis. 353.

The defendant here was not required to, and by his pleadings did not, assume any burden in regard to want of consideration. It was necessary for the claimant to prove a valid claim. It was as necessary to prove a good consideration as a promise to pay. 2 Jones, Evidence (Horwitz), § 179; 3 Ruling Case Law, p. 925, § 122.

There remains for consideration whether or not the proof offered by the claimant as to consideration was sufficient to entitle him to recover. It appears without dispute that the memorandum was given contemporaneously with the surrender of the diamond ring. It also appears that the diamond ring had been deposited as security for the payment of $1,000. The trial court regarded the testimony of Michalek as incredible. While it lacks in frankness and the circumstances might to some minds appear to be suspicious, that part of the testimony relating to the transaction of the previous evening was not hearsay. It was made by the parties to the arrangement in the presence of the witness Michalek and their declarations were at least admissible as an admission. It appears without controversy that Linkman by the execution and delivery of the memorandum acknowledged himself for some reason to be indebted to the claimant. It is considered that the evidence is not so improbable as to make it entirely unworthy of belief, and, if believed, claimant sufficiently met the burden of proof as to consideration to entitle him to judgment.

*By the Court.*—Judgment affirmed.