## 22156. MANRY v. WILLIAMS MANUFACTURING COMPANY, for use, etc.

JENKINS, P. J. This was a suit by the Williams Manufacturing Company against B. H. Manry, for money had and received. The defendant filed a general denial of the indebtedness, except as to one item, which was admitted, and at the trial term amended his answer, seeking damages against the plaintiff by way of recoupment. At the same term the petition also was amended, allowing the trial to proceed in the name of the original plaintiff for the use of the assignee of the claim, to whom it had been assigned by the trustee in bankruptcy of the original plaintiff. Thereupon the defendant pleaded surprise and sought a continuance, stating in his place, as his own counsel, that he denied that the original plaintiff had ever held title to the indebtedness sued on, and that he desired an opportunity to show that the account had not been listed in the bankrupt court as an asset, and further stating that he had no knowledge of the assignment of the claim until the allowance of the amendment. The court overruled the motion to continue, and on the trial the jury found in favor of the plaintiff. *Held:*

1. Since the suit had been instituted by the plaintiff manufacturing company long before it was adjudicated a bankrupt, the defendant must necessarily have had knowledge that the company claimed title to the account sued on; and consequently there had been ample opportunity to obtain proof to the contrary. Accordingly, the judge did not abuse his discretion in refusing a continuance on account of the plaintiff's amendment, allowed without objection, by reason of which the defendant claimed surprise. Civil Code (1910), § 5714. See also *O'Connell* v. *Stoddard,* 27 *Ga. App.* 452, 454 (108 S. E. 622), and cit.

2. The court properly instructed the jury that the burden of proof on the defendant's plea of recoupment rested upon the defendant. *Farrar Lumber Co.* v. *Johnston,* 6 *Ga. App.* 409 (65 S. E. 60). The fact that it

834

appeared from the plaintiff's evidence that the sums of money sought to be recovered were advanced under the same contract alleged by the plea of recoupment to have been breached by the plaintiff, to the defendant's damage, would not operate to change the application of the rule.

3. The charge of the court to the effect that the plaintiff would be entitled to recover such amount as had been paid over to the defendant "if entitled to recover at all, which he has withheld as against the plaintiff which in equity and good conscience belongs to the plaintiff," was not erroneous as amounting to the direction of a verdict for the plaintiff, since it merely purported to state the measure of the plaintiff's recovery and was qualified by the instruction to the effect that the rule stated would apply only if the plaintiff was otherwise entitled to recover.

4. The general exception to the entire charge of the court, on the ground that the charge "as a whole is not clear, and the wording of the charge is more favorable to plaintiff, as the court frequently used the expression of equity and good conscience in reference to plaintiff's contention," is without merit. The gist of an action for money had and received lies in the retention by the defendant of money of the plaintiff which, in equity and good conscience, he has no right to retain. *Rhodes Furniture Co.* v. *Jenkins*, 2 *Ga. App.* 475 (58 S. E. 897); *Citizens Bank of Fitzgerald* v. *Rudisill*, 4 *Ga. App.* 37 (60 S. E. 818).

■ The verdict in favor of the plaintiff was fully authorized by the evidence.        *Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED OCTOBER 14, 1932.

*B. H. Manry,* for plaintiff in error.

*Jones, Jones, Johnston & Russell, Claude Christopher,* contra.