534

ETTA TYLER, APPELLEE, V. ESTATE OF MARY A. MCDOUGAL, APPELLANT.

FILED MARCH 30, 1934. No. 28847.

*Harry R. Ankeny* and *Raymond B. Morrissey,* for appellant.

*Armstrong & McKnight, contra.*

Heard before GOOD, EBERLY and DAY, JJ., and CARTER and CHAPPELL, District Judges.

CARTER, District Judge.

The plaintiff in this case filed a claim against the estate of Mary A. McDougal, deceased, alleging that she loaned Mary A. McDougal the sum of $500 in her lifetime that had never been repaid. The answer filed was a general denial. At the conclusion of plaintiff's testimony, the defendant rested its case and both parties moved for a directed verdict. The trial court sustained plaintiff's

motion and entered judgment for the full amount prayed for. From an order overruling defendant's motion for a new trial, defendant brings this appeal.

The main questions involved are whether the trial court erred in his rulings on the admissibility of certain evidence, and whether the evidence is sufficient to sustain a verdict.

The record shows that the claimant was called as a witness and was permitted to testify, over objection as to its competency, that the husband of Mary A. McDougal was the owner of certain real estate at the time of his death which was subsequently sold at judicial sale; that the claimant purchased said lands for $1,500 for the benefit of Mary A. McDougal, and that she and Mrs. McDougal took the money to the bank to pay the heirs, and that she and Mrs. McDougal paid for the land. It is the contention of claimant that the $500 sued for was paid by her as a part of the $1,500 purchase price.

Section 20-1202, Comp. St. 1929, provides in part: "No person having a direct legal interest in the result of any civil action or proceeding, when the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction or conversation had between the deceased person and the witness."

The following quotation from the case of *Montague v. Thomason,* 91 Tenn. 168, was quoted with approval by this court in the case of *Kroh v. Heins,* 48 Neb. 691, and applies to the case at bar: "A written transaction with or statement by a deceased person is no more a matter about which the adverse party may testify than a verbal transaction or statement. The statute makes no distinction. Its prohibition, on the contrary, is general, not limited to transactions and statements of one kind or the other, but comprehending both. No transaction with or statement by a deceased person is excepted, but all such are included." Upon both principle and authority we are constrained to hold that the above testimony was with

reference to a transaction with a deceased person and within the prohibition of the statute.

, Other objections complained of relate to conversations alleged to have been had by Mrs. McDougal and her attorney, Lewis C. Westwood, and overheard by claimant. The claimant testified that Mrs. McDougal went to the office of Mr. Westwood, at which time they had a discussion regarding the purchase price of the lands involved, in which claimant says she did not participate. The record, however, discloses that claimant did participate in the conversation, a portion of which is as follows: "Q. Now, Mrs. Tyler, to direct your attention, what did Mrs. McDougal say to Mr. Westwood, if anything, about where she got the money to pay. for the land? A. And Mr. Westwood,—Mrs. McDougal said to Mr. Westwood if the land went over $1,500 that she didn't have the money and she said that she would lack $500, and Mr. Westwood asked me if I would loan Mrs. McDougal the $500. Q. What did you say? A. And I said, 'Yes.' "

The theory on which the above testimony was admitted was that it was a conversation between the deceased and a third person. We think the rule is correctly set forth as follows: "Certainly in any event the transaction or communication with the deceased concerning which an interested party may testify must in reality be one between the deceased and a third person, in which the witness took no part, either passively or actively; if it is in fact a transaction between the witness and the deceased, his testimony will be inadmissible, though he took no physical part therein." 28 R. C. L. 500, sec. 87. The conversation as related by the claimant clearly shows that she participated in it and for that reason it could not be properly received in evidence. While Mrs. Tyler testified that she was not a party to the conversation, this is a mere conclusion on her part that is not borne out by the evidence.

The case did not go to the jury, and it might be said that the trial court did not consider the incompetent evi-

dence. In fairness to the trial court, we must say that he did strike from the record part of the testimony objected to. However, with the incompetent evidence herein mentioned stricken, the judgment of the trial court cannot be sustained because of an insufficiency of the evidence to support it. None of claimant's witnesses, other than herself, ever heard the sum of $500 mentioned. Their evidence was vague and uncertain as to any fact indicating a loan. They had no knowledge of the amount or of the time, place and circumstances of a loan. The record discloses that Lewis C. Westwood could have related most of the facts in establishing this claim if a proper claim did in fact exist. He was not called as a witness, though the evidence discloses that he was present in the courtroom when the case was tried. The amount of the loan was alleged to have been made in bills of small denominations, there being no receipt taken for the same. The evidence also shows that less than two weeks prior to her death, Mrs. McDougal placed $430 in the possession of Mrs. Tyler, the claimant, with instructions for her burial in case of death. It appears that she contemplated an early death and was careful to make all arrangements therefor, yet there is not a word with reference to a loan from Mrs. Tyler remaining unpaid. The record also shows that Mrs. McDougal had $2,000 in cash at the time of the purported loan. It is also disclosed by the record that claimant purchased the lands mentioned and subsequently conveyed them by quitclaim deed to Mrs. McDougal, which deed recites that said conveyance was in consideration of $1,500, the receipt of which is hereby acknowledged. It would seem very improbable that claimant would reconvey the land to Mrs. McDougal under the circumstances set out, without receiving some evidence of her indebtedness. These facts all lead us to the conclusion that the judgment is not supported by the evidence, especially since there was not a single competent witness who was able to fix the amount of the alleged loan. This court is committed to the rule that the

evidence, to establish a parol contract in this class of cases, must be clear, convincing, unequivocal and satis-. factory, and that such evidence must be referable solely to the contract as made. Clearly the proof in this case does not come within the rule.

For the reasons herein contained, the judgment of the trial court is reversed and the cause remanded.

REVERSED.