ETTA TYLER, APPELLEE, V. ESTATE OF MARY A. MCDOUGAL, APPELLANT.*

FILED OCTOBER 4, 1934. No. 28847.

*See former opinion, 126 Neb. 534.

*Harry R. Ankeny* and *Raymond B. Morrissey,* for appellant.

*Armstrong & McKnight, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and CARTER, District Judge.

CARTER, District Judge.

This case has been previously heard by the court and an opinion adopted. *Tyler v. Estate of McDougal,* 126 Neb. 534. Subsequently a rehearing was granted and the case is now before the court after a second hearing.

We are convinced that the law of the case as set forth in the four paragraphs of the syllabus in the former opinion is correct and it is adhered to in this opinion. However, certain parts of the opinion have been justly criticized by the attorneys for appellee and proper corrections will therefore be made.

Appellee contends that the incompetent evidence detailed in the former opinion was stricken by the trial court. The trial court did make the following order before arguments were heard: "The conversation testified to by Mrs. Tyler which she said took place in Mr. Westwood's office before the sale when Mrs. McDougal and Mr. Westwood were there will be stricken out as being incompetent and the witness was incompetent to testify to said conversation." The record discloses that such a conversation was held after the sale as well as before. The holding of this court is that the conversation mentioned was inadmissible upon objection being made, whether held before or after the sale. The trial court evidently intended to strike out of the record this conversation no matter when it was held, but the order made did not have that effect.

The former opinion contains the following statement: "The record discloses that Lewis C. Westwood could have related most of the facts in establishing this claim if a proper claim did in fact exist. He was not called as a witness, though the evidence discloses that he was present

in the courtroom when the case was tried." It has been called to our attention that the record discloses that Lewis C. Westwood was the attorney for Mrs. McDougal and, upon objection being made, his testimony as to his conversation with Mrs. McDougal would be incompetent. Under these circumstances the two sentences quoted draw an inference that should not be considered in arriving at a correct conclusion and the same will be treated as stricken from the former opinion.

In the last paragraph of the first opinion, we say: "This court is committed to the rule that the evidence, to establish a parol contract in this class of cases, must be clear, convincing, unequivocal and satisfactory, and that such evidence must be referable solely to the contract as made." The above rule is the one applicable in a suit for the specific performance of an oral contract with a deceased person, but is not the correct rule in proving a claim against an estate. A preponderance of the evidence is all that is required in the case at bar and our previous opinion is incorrect in so far as it varies from this rule.

Irrespective of the corrections made herein, the evidence is insufficient to sustain the judgment. There is no competent evidence in the record tending to show the amount of the purported loan. Neither does the evidence support the finding of the trial court that the amount of the purported loan was $500. For this reason and the reasons set out in our former opinion, the judgment of the trial court is reversed and the cause remanded.

REVERSED.