### 23963. HARTLEY, administratrix, *v.* HARTLEY.

STEPHENS, J. 1. Where money is paid on the debt of another by a person who is under no legal or moral obligation to pay the debt, and he does not do so at the instance, request, or consent of the debtor, and the debtor does not ratify his act as one done in his behalf, or does not otherwise become liable therefor, it is a voluntary payment, and the person making the payment can not recover from the debtor. This is particularly true where the parties are near relatives, as where the person making the payment is the mother of the debtor. Under such circumstances there is a presumption, although it is rebuttable, that the payment made by the mother was in the nature of a gift to the son. Civil Code (1910), § 3740. Where, however, the person paying the debt of another pays an indebtedness for which he is surety, and is therefore under a contractual obligation to pay it, he is entitled, by subrogation to the rights of the creditor, to collect from the debtor the amount of the payment thus made.

2. Where a son purchases an automobile, and his mother makes the required cash-down payment, and executes her note as a surety for the son as maker, for the balance due upon the purchase-money, and afterwards makes a payment upon the note, she, from the mere fact of having made the cash payment upon the automobile purchased by the son, has no legal obligation against him for the collection of the money, but she, having paid the amount due upon the note upon which she was obligated

as surety for the son, has, without any further evidence of any obligation upon the son, a legal obligation against him to be reimbursed for the money paid.

3. In a suit by the mother against the administratrix of the estate of the son, to recover, not only what she had paid upon the automobile both in cash at the time of its purchase and on the note given for the balance of the purchase-money for which she was surety with the son, but also to recover other sums of money which she had expended in the payment of other obligations of the son, where there appears from the evidence, without objection, an admission made by the son after he had purchased the automobile upon which the mother had made payments as heretofore indicated, that the reason she "bought" the automobile was that "he had no way to get anything unless she helped him," and that she bought it "for him and he was to pay for it as soon as he could make the money," the admission is sufficient to authorize the inference that the mother, in making the payments upon the automobile, including the cash-down payment, did not make them voluntarily and as a gift to the son, and that therefore the automobile was not purchased by her as a gift to the son, but that she bought it and made the payments for and in his behalf and with his consent, and that he therefore was under a contractual obligation to pay her the money thus expended by her in his behalf. Where it appears from the evidence that the amount of the cash-down payment paid by the mother was $200, and the amount paid by her upon the balance due, as evidenced by the note upon which she was surety for the son for the balance due on the purchase-money, was in the sum of $298.93, notwithstanding it appears from the testimony of the plaintiff that $150 which the defendant administratrix had paid the plaintiff after the death of the son, and which the administratrix contends was in full settlement of all claims of the plaintiff against the estate (which the plaintiff in her testimony denies), was nevertheless applied by the plaintiff on the indebtedness represented by the note, the evidence is sufficient to authorize the verdict found for the plaintiff in the sum of $206.

4. The court did not err in excluding testimony that certain payments had been made by the deceased upon a note which he owed the plaintiff, where no particular note was identified, and where it appeared it was not a payment upon the note which the plaintiff indorsed in payment of the automobile.

5. Evidence as to admissions made by the deceased to witnesses that he was indebted to the plaintiff was admissible as a circumstance which could be taken in connection with other evidence that might be introduced as tending to show that he was indebted to the plaintiff in some of the amounts sued for.

6. The court did not err in permitting a witness to testify that he knew that the plaintiff had furnished money and financed the deceased during a certain year, upon the ground that the testimony was a conclusion, where it appeared from the testimony of the witness that he obtained this knowledge because he knew that the deceased needed help and knew that no one could render such help except the plaintiff.

7. It was not error, upon the ground that the absence of the original note was not accounted for, to permit the receiver of the bank to which it appears from the evidence the plaintiff had paid the note of the deceased which the plaintiff had signed as surety, to testify that from an inspection of the records of the bank he had found that a draft for the sum of $298.93 made by the plaintiff had been applied upon the note of the deceased.

8. Evidence of the plaintiff that she had made certain payments to different persons, without more, where it does not appear that these payments were made pursuant to any authority or request from the deceased or as a result of any transaction between the plaintiff and the deceased, or evidence as to transactions which were not with the deceased, as signing the note as surety for the deceased, was properly admitted over objection that it was inadmissible as being a transaction between the plaintiff and the deceased for whom the defendant as administratrix was the personal representative.

9. It was not error to exclude from evidence the record of a former suit by the plaintiff against the defendant administratrix in the latter's individual capacity, to recover as money belonging to the plaintiff a sum of money which had belonged to the intestate and had been in his possession, and which after the intestate's death had come into the possession of the defendant in that suit and out of which the defendant paid to the plaintiff $150, being the same $150 which the plaintiff in the present suit, in her testimony, admitted was credited by her upon the indebtedness of the intestate to her, where this record was offered for the purpose of showing that it had been adjudicated that the $150 did not belong to the plaintiff. Since she credited it upon the indebtedness of the intestate to the plaintiff, it is immaterial whether this money belonged to the plaintiff or not.

10. Assuming there was no evidence that the plaintiff had made advancements of cash to the deceased for the operation of a farm, a statement of the court, that it was alleged in the petition that such advancements were made, was not harmful to the defendant upon the ground that it was a misstatement of the plaintiff's contentions, or that it was "error as being contrary to law."

11. There not being presented by the evidence any issue as to the statute of limitations, the court did not err in failing to instruct the jury upon the statute of limitations.

12. The verdict found for the plaintiff was authorized, and no error appears.

*Judgment affirmed. Jenkins, P. J., concurs. Sutton, J., concurs in the judgment.*

DECIDED FEBRUARY 27, 1935.

*M. C. Barwick,* for plaintiff in error.   *Herschel E. Smith,* contra.