ETTA TYLER, APPELLEE, v. ESTATE OF MARY A. McDOUGAL, APPELLANT.

FILED MARCH 20, 1936. No. 29589.

*Harry R. Ankeny* and *Raymond B. Morrissey,* for appellant.

*Armstrong & McKnight, contra.*

Heard before GOSS, C. J., ROSE and DAY, JJ., and ELDRED and TEWELL, District Judges.

DAY, J.

Etta Tyler filed a claim against the estate of Mary A. McDougal, deceased, for $500, which she asserts was loaned deceased during her life. Upon trial to a jury, a verdict was returned in favor of claimant. This case has been before this court before (*Tyler v. Estate of McDougal,* 126 Neb. 534, 253 N. W. 672; *id.* 127 Neb. 681, 256 N. W. 518) when it was held that the evidence did not support the finding of the trial court that the amount of the purported loan was $500.

The claimant established her claim entirely by testimony of disinterested witnesses as to admissions of the deceased during her lifetime that she had borrowed $500 from the claimant. The appellant contends that such evidence is insufficient as a matter of law or matter of fact to establish a cause of action. The only authoritative opinion cited to support this contention is *Kislingbury v. Evans,* 40 Utah, 356, 121 Pac. 571, which holds: "Under the statute prohibiting a party to testify to any transaction with a decedent, or to any matter of fact equally within the knowledge of the parties and decedent, a plaintiff suing a decedent's estate for money loaned decedent on an open account is incompetent to testify, when shown a memorandum book and asked what it is, that it is the money that she loaned to decedent, and such testimony may not be considered as evidence of a loan." This does not seem applicable to our case, since Mrs. Tyler did not testify as to the declaration

of Mrs. McDougal. Of course, under our statute, she was likewise an incompetent witness.

However, the authorities almost unanimously support the following proposition: In an action against a decedent's estate for money loaned, a disinterested witness is competent to testify to admissions against interest by the deceased as to what she owed claimant. *Hartley v. Hartley,* 50 Ga. App. 848; *Finney v. Rollins,* 127 Ark. 617, 192 S. W. 210; *Schell v. Weaver,* 225 Ill. 159, 80 N. E. 95; *Jamison v. Jamison,* 113 Ia. 720, 84 N. W. 705; *Mohn v. Mansfield,* 167 Mich. 10, 132 N. W. 525; *Estate of Linkman,* 191 Wis. 353, 210 N. W. 705.

It is urged that the evidence in this case is substantially the same as that on the former appeal. The rule is: "When the evidence is substantially the same as on a former appeal, the weight and effect to be given such evidence must be considered as foreclosed by the former decision on that point." *Hruby v. Sovereign Camp, W. O. W.,* 83 Neb. 800, 120 N. W. 427.

While the record in the former trial is not before us for the purpose of comparison, a reference to the two former opinions in this case indicates that the evidence is not substantially the same. There are other and different witnesses, who testify as to admissions of the decedent relative to the loan by the claimant here, with particularity sufficient to establish the fact, if believed, that the decedent was indebted to the claimant for money borrowed in the sum of $500. The jury believed these witnesses. Under these circumstances, the judgment cannot be disturbed.

AFFIRMED.

TEWELL, District Judge, dissenting.

I dissent from the final conclusion reached by the majority of the court in this case. The evidence introduced in the second trial, and now here for review, does not differ, materially, from that introduced in the former trial, with the exception that in the second trial two witnesses, who did not testify in the first trial, have testified to admissions made by the deceased to the effect that the amount

the deceased had borrowed from the claimant was the sum of $500. No circumstance shown in the evidence, other than of admissions by the deceased, tends to establish the existence of a debt of the deceased to the claimant, and the admissions established by the testimony are mostly of a vague and ambiguous nature.

As against these admissions, the record shows the deceased to have had more than enough immediately available cash to have purchased the property, which it is claimed she purchased with the aid of money borrowed from the claimant, at the time of its purchase, and long after the time of the alleged loan, to have placed $430 in the hands of the claimant with which to pay for her burial in case of her death. While competent and reliable testimony of admissions of a deceased may be sufficient to establish a claim against his estate without corroboration by proof of other circumstances, proof alone of such admissions should be held insufficient as a matter of law when the admissions proved are vague and ambiguous, and other proved circumstances can only be construed as disproving the existence of the debt upon which the claim is based. The holding of this court upon the former appeal was not entirely based, as disclosed by the opinion recorded in 126 Neb. 534, 253 N. W. 672, upon the failure of the evidence to prove the amount of the alleged loan.

I think the rule announced in the second paragraph of the syllabus of the majority opinion should prevent the evidence being held sufficient upon this appeal, and especially so when it differs from the evidence considered on the former appeal only in that it purports to establish the amount of the alleged debt. The failure to establish the amount of the alleged claim at the first trial, when proof of the amount is so plainly a necessary part of the proof, itself looks suspicious. Rules applicable to the sufficiency of proof in cases of this nature had best be such as to occasionally result in denying a claim for an actually existing debt, than to be such as to allow a claim for a debt that has no existence to be so easily established and allowed.