The court erred in overruling the defendant's special demurrers to the petition as amended, and all further proceedings in the case were nugatory.
 DECIDED NOVEMBER 26, 1947.
The plaintiffs sued H. V. Builders Inc., to recover $750 with interest by reason of the facts that in April, 1944, the plaintiffs sold and conveyed to the defendant certain lots in the City of Hapeville, and entered into an agreement with the defendant providing in part that "parties of the first part (the plaintiffs) covenant and agree that as a consideration for the purchase of said above described properties, that they will install at their own expense sewer and water, including stub to property line," and the plaintiffs complied with all the terms and provisions of the agreement, and installed at their own expense "sewer and water, including stub to property line;" that at the time the plaintiffs installed said sewer and water as provided in the agreement it was necessary that water connections or tap-ins be made by the City of Hapeville to the lots purchased by the defendant from the plaintiff; that said water connections or tap-ins were made by the City of Hapeville and the cost thereof, $750, was charged to the plaintiff because they were installing the sewer and water and the plaintiffs were required to pay the same; "7. Your petitioners show that they were not obligated by said agreement or otherwise to pay the cost of said water connections or tap-ins, they having agreed to pay only the cost of installing `sewer and water, including stub to property line,' but the same having been charged to petitioners, petitioners did, on September 19, 1944, advance and pay said cost for defendant's benefit and with the understanding that defendant would reimburse them." *Page 197 
The defendant filed the following demurrer to part of paragraph 7 of the petition: "Defendant demurs specially to the following allegation of Paragraph 7 of plaintiff's petition `Petitioner did, on September 19th, 1944, advance and pay said cost for defendant's benefit and with the understanding that defendant would reimburse them' for the reason that (a) it is not shown therein whether said understanding was verbal or in writing or with whom or when the understanding was agreed upon, (b) no facts are alleged in said petition to show that any one authorized petitioner to advance and pay said costs for defendant's benefit, contrary to the agreement between plaintiff and defendant." This demurrer was sustained. Whereupon the plaintiffs amended the petition by striking paragraph 7 and substituting therefor the following: "7. Your petitioners show that they were not obligated under the terms of said written agreement or otherwise, to pay the cost of said water connections or tap-ins, they having agreed to pay only the cost of installing `sewer and water, including stub to properly line.' 7a. That the charges for said water connections and tap-ins were incurred in connection with the installation of sewer and water, but were not a part of said installation, and were not contemplated by the parties at the time said contract was entered into; 7b. That the said sum was paid with the full knowledge and consent of authorized agents of the defendant, was paid for the benefit of the defendant, and the defendant, by and through its authorized agents, impliedly agreed, on or about September 19, 1944, at approximately the time when the charges were made against your petitioners, and were actually paid by them, to reimburse your petitioners in the aforesaid sum. Said agreement arose by implication in that defendant, by and through its agents, accepted the entire benefits derived on account of the payment of said sum, and utilized to its exclusive advantage the said connections or tap-ins on the property, with the full knowledge that the same had been paid by petitioner." The defendant filed the following demurrers to paragraph 7b of the plaintiff's amendment: "1. Defendant demurs specially to the following allegation of Paragraph 7-b: `with the full knowledge and consent of the authorized agents of the defendant, . . and the defendant by and through its authorized agents impliedly agreed . ." for the reason that *Page 198 
the names of the agents are not set forth and the further reason that no facts are set forth to show how and in what manner they impliedly agreed to reimburse petitioners. 2. Defendant demurs specially to the following allegation of Paragraph 7-b: `Said agreement arose by implication in that defendant, by and through its agent, accepted the entire benefits derived on account of the payment of said sum, and utilized to its exclusive advantage the said connections or tap-ins on property, with full knowledge that same had been paid by petitioners,' for the reason that it is not shown how and in what manner the defendant accepted the entire benefits and how and in what manner they utilized same to its exclusive advantage and that who and what agent had full knowledge that same had been paid by petitioner." These demurrers were overruled and the defendant excepted pendente lite. The trial resulted in a verdict for the plaintiffs and the defendant excepted to the final judgment overruling its motion for a new trial and to the overruling of the demurrers to paragraph 7-b of the amendment to the petition.
Since the liability of the defendant is predicated solely on the propositions that the plaintiffs paid the sum in question to the city for the benefit of the defendant and with the knowledge and consent of the defendant and that the defendant impliedly agreed to reimburse the plaintiffs, it seems to us that the allegations as made are merely conclusions of the pleader and do not state facts which show that the defendant impliedly agreed to reimburse the plaintiffs, nor does the amendment state the names of the defendant's authorized agents with whose knowledge and consent the plaintiffs paid the money. Neither does the amendment allege facts relative to the acceptance of the benefits as would give rise to an implied agreement to reimburse the plaintiffs. The petition as it stands, eliminating bare conclusions of the pleader, is consistent with the theory that the defendant believed the plaintiffs obligated to pay said sums. In such a case the defendant would not be bound to reimburse the plaintiffs for the sums if they were paid voluntarily *Page 199 
by the plaintiffs, in the absence of conduct on the part of the defendant in view of which it would be against equity and good conscience not to require reimbursement. There is no allegation of such conduct in this case, and, as stated, no facts are alleged which show an implied promise to reimburse. The court erred in overruling the demurrers, and all further proceedings were nugatory.
Judgment reversed. Sutton, C. J., and Parker, J., concur.