32726. BRACKETT *v.* FULTON NATIONAL BANK.

DECIDED NOVEMBER 17, 1949.

*Jess H. Watson,* for plaintiff in error.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, A. G. Cleveland Jr.,* contra.

SUTTON, C. J. (After stating the foregoing facts.) ■ This was an action for money had and received. It is alleged in the plaintiff's petition that prior to and on June 23, 1947, the defendant maintained a commercial checking account with the plaintiff bank at its Peters Street office in Atlanta, and that on June 23, 1947, the withdrawals by the defendant from his account exceeded the deposits therein by the amount sued for and that the defendant had received out of said account the sum of $2071.29, which in equity and good conscience he is not entitled to retain and which in equity and good conscience the plaintiff is entitled to recover from him. "An action for money had and received is founded upon the equitable principle that no one ought unjustly to enrich himself at the expense of another, and is maintainable in all cases where one has received money under such circumstances that in equity and good conscience he ought not to retain it, and ex aequo et bono it belongs to another." *Jasper School District* v. *Gormley,* 184 *Ga.* 756, 758 (193 S. E. 248) ; *Sheehan* v. *Augusta,* 71 *Ga. App.* 233, 237 (30 S. E. 2d, 502), and citations. The gist of any such action is equity and good conscience. *Manry* v. *Williams Mfg. Co.,* 45 *Ga. App.* 833 (166 S. E. 222). With respect to an overdraft, the general rule seems to be that a bank may recover the amount of an overdraft from a depositor in the same manner in which it could recover an amount loaned to a customer in the regular course of business. Paton's Digest of Legal Opinions, Vol. 3, Overdrafts, § 3, p. 3058; 9 C. J. S., Banks and Banking, § 353b, p. 703. A bank paying an overdraft for a depositor may maintain an action therefor against him in indebitatus assumpsit. The petition set forth a cause of action and the trial judge did not err in overruling the defendant's general demurrer.

■ On May 5, 1947, a check of Bressler Brothers for $2351.90 was credited to Charles A. Brackett in the bank through an error of the bank. Subsequently, but before the bank discovered this error, on June 10, 1947, Brackett had drawn funds out of his account, which, after the error in the Bressler check was discovered and charged off of Brackett's account and placed to the account of Bressler Brothers, left Brackett's account overdrawn $1628.29. On June 20, 1947, R. J. Davis asked the plaintiff bank to collect a check for $2075 which was made payable to Charles A. Brackett and endorsed by Brackett and Davis. The bank told Davis that it could not collect the check for him as he had no account there, unless it was collected through Brackett's account. It appears from the evidence that other similar transactions had been handled in this manner, that is, Davis had deposited other checks in Brackett's account for collection. This check was handled in this manner and the proceeds credited to Brackett's account. This check of $2075, less $2.84 exchange, when credited to Brackett's account, was sufficient to cover the overdraft in his account of $1628.29 and left a balance of $443.87, and Brackett then withdrew $443 from his account, leaving only $.87. Subsequently, R. J. Davis returned to the bank and demanded that he be paid the proceeds of the $2075 check. This demand was refused by the bank and Davis sued the bank for the amount of the check. In the trial of that case Davis and Brackett both testified that the proceeds of that check belonged to Davis, and not to Brackett, and, on an appeal here, this court held that the evidence in that case as a matter of law demanded a judgment in favor of Davis for the amount of the check. Brackett testified in the trial of the present case that the proceeds of that check belonged to Davis and that he represented to the bank that the check wrongfully was credited to his account, that he had no interest in that check nor in the Bressler check for $2351.90, and that both of those checks went to his account in error. The facts in the present case are substantially the same as the facts in *Davis* v. *Fulton National Bank,* 77 *Ga. App.* 400 (48 S. E. 2d, 773), where it was held that a finding was demanded that the proceeds of the $2075 check belonged to R. J. Davis. After that decision was rendered by this court, the bank paid Davis the amount of the check in question,

and then charged that amount off Brackett's account, which left an overdraft of $2071.29, the amount sued for in the present case.

The uncontroverted evidence shows that the defendant, Charles A. Brackett, withdrew and received from the bank the amount here sued for, $2071.29, which in equity and good conscience he is not entitled to retain and which in equity and good conscience the plaintiff is entitled to recover from him, under the facts of this case.

This case is distinguishable on its facts from *Citizens Bank of Fitzgerald* v. *Rudisill*, 4 *Ga. App.* 37 (60 S. E. 818); *McIntyre Bros. & Co.* v. *South Atlantic Steamship Line*, 12 *Ga. App.* 399 (78 S. E. 347); *H. & V. Builders Inc.* v. *McDermid*, 76 *Ga. App.* 196 (45 S. E. 2d, 289), and the rulings in those cases do not authorize and require a different ruling in the case at bar from the one here made.

■ The special grounds of the motion, (1) that the court erred in admitting in evidence a statement showing the amount of the defendant's overdraft; (2) that the court erred in directing a verdict for the plaintiff; (3) that the court erred in striking the defendant's testimony as to a check for $1150, his cross-action with respect thereto having been stricken on demurrer, show no error.

■ The court did not err in overruling the defendant's motion for a new trial, nor in overruling the defendant's general demurrer to the plaintiff's petition.

*Judgment affirmed. Felton and Worrill, JJ., concur.*