35970. HEDDEN *v.* WESTERN UNION TELEGRAPH COMPANY.

CARLISLE, J. 1. "An action for money had and received is founded upon the equitable principle that no one ought to unjustly enrich himself at the expense of another, and may be maintained in all cases where one has received money which he ought not to retain and which belongs to another, ex aequo et bono." *Brackett* v. *Fulton National Bank,* 80 *Ga. App.* 467 (56 S. E. 2d 486), and citations.

2. In such an action it is immaterial how the money may have come into the defendant's hands, and the fact that it was received from a third person will not affect his liability, if, in equity and good conscience, he is not entitled to hold it against the true owner. *Citizens Bank of Fitzgerald* v. *Rudisill,* 4 *Ga. App.* 37, 41 (60 S. E. 818), and citations.

3. Under an application of the foregoing principles of law to the facts of the present case, the trial court did not err in overruling the general demurrer to the petition. The money which the plaintiff seeks to recover ($185.75) was paid over by the plaintiff's agent to the clerk of the Jefferson County Court of Misdemeanors under an order to the plaintiff from the defendant's employer to pay $114. The plaintiff's agent, through a mistake of fact, paid the clerk $300. The clerk deducted the $114 which was due the court as a fine and paid over the remainder ($185.75) to the defendant. The defendant was not entitled to this sum under any claim of right and should not be entitled to enrich himself at the expense of the plaintiff.

4. The present action for money had and received is not to be confused with that line of cases exemplified by *Gould* v. *Glass,* 120 *Ga.* 50 (47 S. E. 505), and *Lowery* v. *Davidson,* 44 *Ga.* 38, where the plaintiff is seeking to reform or avoid a contract upon the ground of mistake of fact. In that line of cases the mistake of fact is the gist of the action whereas in cases such as the present the gist of the action is that the defendant should not in equity and good conscience be allowed to enrich himself at the expense of the plaintiff.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

. DECIDED JANUARY 20, 1956.

*Albert P. Feldman,* for plaintiff in error.
*Heyman & Abram, Charles F. Wittenstein,* contra.