37046. WATSON *v.* SOUTH SIDE ATLANTA BANK.

Decided February 12, 1958.

*William F. Woods,* for plaintiff in error.

*Drennan & Brannon, Lewis Cenker,* contra.

GARDNER, Presiding Judge. We have come to the conclusion that the trial judge rendered a very good written opinion which we are adopting. That opinion is as follows: "The sum total of plaintiff's case is: One Gregory drew a check on defendant bank, payable to J. C. Watson. Watson 'endorsed the same and delivered to plaintiff'; plaintiff negotiated the check (deposited it for collection) at Austell Bank. The check made its way through clearing house banks, one of which banks presented it to defendant bank for payment. The latter 'collected the face amount of the check . . . from the account of Edward B. Gregory . . . plaintiff has demanded of the defendant . . . on numerous occasions that said sum be turned over to her due to the fact that she is the legal owner of said sum . . .' The demand has been refused. Said sum in equity and good conscience belongs to her.

"Defendant demurs on general and special grounds and the case is before the court for trial on demurrer.

"Opinion: Plaintiff invokes an ancient doctrine founded in Roman Law, *aequum et justum.* (Liberally translated: look at the matter through the eyes of equity without too much attention to rigid rules of law).

"The court will judicially know the universal practice employed to clear a check deposited with one bank, drawn on another, for the purpose of collection and ultimate credit. Each bank takes a whack at it with a rubber stamp, sending it on down the line to the bank on which it is drawn. If paid it is charged to the drawer's account and banks making endorsement hear of it no more. It is delivered to the drawer to justify debiting his account. If not paid it goes back through the same channel—all endorsements canceled—to the bank first receiving it to be flashed in the face of the disappointed depositor, either by a dent in his account or a demand for reimbursement.

"Plaintiff's bill gets the check through the clearing house banks to this defendant bank. There, she says, defendant bank collected from Gregory.

"Normally, if defendant bank collected from Gregory it would deliver the paid check to him and account through channels to the Austell Bank. It is inconceivable that any possible accounting gymnastics would permit this defendant bank to get the check through the channel described by plaintiff without accounting to Austell Bank—through channels—either by returning the dishonored check or by remittance. At any rate it would appear that plaintiff's *causa doloris* is with Austell Bank. Its obligation to her is direct—either to return the check which she deposited or credit her for it. No resort to the ancient rule mentioned is necessary for the reason that no 'hyde bound' (hidebound) rule of law bars her recovery.

"Since the case will be controlled by ground 1 of the demurrer other grounds need not be noticed.

"Judgment: Considered, ordered and adjudged that ground 1 of defendant's demurrer filed May 6, 1957, and directed to plaintiff's petition be sustained with twenty days leave to amend to meet the criticism thereof. Judgment on other grounds is reserved. This June 25, 1957."

The plaintiff amended the petition in accordance with the order of the judge, the defendant filed renewed demurrers whereupon the court sustained the demurrers and dismissed the petition on October 17, 1957. The Appellate Division of the Civil Court of Fulton County upheld the judgment of the trial judge. It is our opinion that this ruling was correct.

Counsel for the plaintiff has cited cases in support of the plaintiff's contention as follows: *Whitehead* v. *Peck,* 1 *Ga.* 140; *Central Railroad* v. *First National Bank of Lynchburg, Va.,* 73 *Ga.* 383; *Bates-Farley Savings Bank* v. *Dismukes,* 107 *Ga.* 212 (33 S. E. 175); *Citizens Bank of Fitzgerald* v. *Rudisill,* 4 *Ga. App.* 37 (60 S. E. 818); *Rudisill* v. *Handley,* 9 *Ga. App.* 789 (72 S. E. 189); *Knight* v. *Roberts,* 17 *Ga. App.* 527 (87 S. E. 809); *Zapf Realty Co.* v. *Brown,* 26 *Ga. App.* 443 (106 S. E. 748); *Haupt* v. *Horovitz,* 31 *Ga. App.* 203 (120 S. E. 425); *Bank of Oglethorpe* v. *Brooks,* 33 *Ga. App.* 84 (125 S. E. 600); *Brackett* v. *Fulton National Bank,* 80 *Ga. App.* 467 (56 S. E. 2d 486); *Swafford* v. *Certified Finance Co.,* 90 *Ga. App.* 83 (82 S. E. 2d 168) and *Hedden* v. *Western Union Telegraph Co.,* 93 *Ga. App.* 226 (91 S. E. 2d 193). It will be noted that those cases have facts entirely different from the facts in the instant case and rest on entirely different principles of law. A reading of those cases will show that the facts show various situations where a party was unjustly enriched at the expense of another. Such is not the case insofar as the defendant here is concerned. It is our opinion that the defendant is not the holder of money to which the plaintiff here is entitled. For the defendant to hold such money unjustly would, of course, entitle the plaintiff to recover under the principle of law of money had and received. The pleadings do not show a special endorsement, but show an endorsement in blank. The plaintiff does not show the back side of the check in question as an exhibit or part of the petition. This leaves us with the pleadings showing that the check was a negotiable instrument. See the following applicable sections: Code §§ 14-201, 14-208, 14-209, 14-405 and 14-1703. The record does not show a restricted endorsement and since the instrument was payable to bearer, we can not see that the defendant should be forced to protect the plaintiff. The plaintiff was guilty of laches in releasing the check without a restricted endorsement so as to protect her own interest.

The trial court did not err in sustaining the general demurrer to the petition as amended.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*