### 39730. JENNINGS v. STEWART.

Russell, Judge. 1. Where one incurs expense at the request of another for the latter's benefit the law implies a promise to pay, and the fund may be recovered "as money laid out and expended for the other's use." *Birmingham Lumber Co. v. Brinson & Son,* 94 Ga. 517 (20 SE 437). This is all the more true where the actor is compelled by reason of a legal liability to pay an obligation which another in equity and good conscience ought to have paid. 58 CJS 888, Money Paid, § 3(b). Thus, an agent of an insurance company who procured a policy of insurance for a client and himself paid the premium

had a right to recover the amount of the premium in his own name, provided the circumstances were such as to warrant an inference that the parties contemplated such reimbursement. *Henry Darling, Inc. v. Harvey-Given Co.,* 40 Ga. App. 771 (3) (151 SE 518). And one advancing money to pay funeral expenses of a relative for which the husband was liable might recover such expenses, provided they were incurred at the husband's request, express or implied. *Lovett v. Allen,* 34 Ga. App. 385 (2) (129 SE 897). The petition must show that the expenses were incurred for the benefit of the defendant and with his knowledge and consent, or were subsequently ratified by him, so as to authorize the inference that there was an implied agreement to reimburse, or else that there was an express agreement to that effect. *H. & V. Builders, Inc. v. McDermid,* 76 Ga. App. 196 (45 SE2d 289).

2. "Where money is paid on the debt of another by a person who is under no legal or moral obligation to pay the debt, and he does not do so at the instance, request, or consent of the debtor, and the debtor does not ratify his act as one done in his behalf, or does not otherwise become liable therefor, it is a voluntary payment, and the person making the payment can not recover from the debtor." *Hartley v. Hartley,* 50 Ga. App. 848 (1) (179 SE 245).

3. In the present case the defendant made a down payment on an automobile but had neither money nor credit with which to finance the remainder of the purchase price. The plaintiff and defendant agreed that plaintiff would sign a note for the time payment balance on defendant's oral promise to him to pay the instalments as they came due. The automobile belongs to the defendant, who has had the sole possession and use of it. Upon the defendant's failure to pay the instalments the plaintiff was forced, to prevent suit and judgment against himself, to pay off the note, and he sued the defendant for the sum so necessarily expended by him. This being an action in assumpsit for money paid for the use of the defendant, the liability having been incurred at the defendant's request, and the plaintiff having been forced to pay the debt to protect himself from suit and judgment, the payment was not voluntary in the sense that it was not recoverable at law. The gist of the action, like that of money had and received, is that to allow the defendant the benefit of the sums so paid

out would be an unjust enrichment. No demand is necessary before commencing the suit. *Code* § 3-106; *Dell v. Kugel,* 99 Ga. App. 551 (11) (109 SE2d 532).

4. The petition is not subject to the demurrer contending that it is an oral contract to assume the debt, default or miscarriage of another in violation of *Code* § 20-401 (2). The plaintiff's obligation to pay was in writing and was in fact paid. The defendant's obligation to the plaintiff to repay arises by operation of law from the facts alleged, including the breach of the oral promise to pay the instalments on the note as they fell due. Such a promise would of course have been nudum pactum and unenforceable as to an executory agreement, but here the plaintiff, by fully complying with the request to his own detriment, converted it into a binding contract. *Code* § 20-301; *Peeples v. Citizens Nat. Life Ins. Co.,* 11 Ga. App. 177 (74 SE 1034).

The trial court erred in sustaining the general demurrer and dismissing the petition.

*Judgment reversed. Carlisle, P. J., and Eberhardt, J., concur.*

DECIDED OCTOBER 2, 1962.

*Victor K. Meador, N. T. Anderson,* for plaintiff in error. *Walter W. Aycock,* contra.