39769. CARR v. STODDARD CLEANERS, INC. et al.

EBERHARDT, Judge. Defendant was sued by Stoddard Cleaners, Inc., Atlanta Laundries, Inc. and Chesterfield Laundry, Inc., separately and answers were filed in each suit denying material allegations. By agreement the cases were tried together before the judge without a jury and each of the plaintiffs recovered. Defendant filed separate motions for new trial on the general grounds and three special grounds which are merely an elaboration of the general grounds. The motions were consolidated by consent of all parties and the motions were all denied. *Held:*

1. In one case (Stoddard Cleaners, Inc.) the defendant had initially contracted to purchase a machine directly from the seller but subsequently asked that plaintiff, Stoddard Cleaners, Inc., assist him by executing the conditional-sale agreement with the seller as to the machine because of defendant's credit problems. This Stoddard did, and when defendant defaulted in making payments Stoddard paid off the note involved. Defendant admits he never paid anyone for the machine but contends that there was no promise on his part to pay. The law implies a promise to pay, and there was ample evidence to support this plaintiff's recovery. *Jennings v. Stewart,* 106 Ga. App. 689 (127 SE2d 842).

2. In the second case (Atlanta Laundries, Inc.) defendant claims the bar of the statute of limitation (*Code* § 3-711), because an invoice introduced by plaintiff is dated more than four years prior to the filing of suit. There is evidence in the record from which the trial judge could find that the date mentioned was inserted merely for accounting purposes and the true transfer date would be within four years of suit. Moreover, defendant stated in his testimony that this obligation was to be paid after a loan from the bank was paid off. The loan agreement

with the bank was in evidence, and it did not fully mature until August 12, 1958, less than four years before suit was filed.

3. The third case (Chesterfield Laundry, Inc.) involves a contention on the part of defendant that the machinery (the value of which plaintiff seeks to recover) was not sold by plaintiff but was conveyed to defendant by Carr-Perk Services, Inc., another corporation. There is evidence authorizing a finding that the machinery was in fact the property of the plaintiff, though as an accommodation to defendant and to help him in obtaining credit at the bank plaintiff had allowed the transaction to be handled in this irregular manner. Defendant admitted in his testimony that he knew the status of the title and that he was obligated to pay for the machinery, though he had not done so.

There was no error in overruling the motions for new trial and the judgment is

*Affirmed. Carlisle, P. J., and Russell, J., concur*

DECIDED OCTOBER 23, 1962.

*Moreton Rolleston, Jr.,* for plaintiff in error.
*King & Spalding, M. H. Blackshear, Jr.,* contra.

